IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HILLTOP CHURCH OF THE NAZARENE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO.: 6:21-CV-00322 |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Church Mutual Insurance Company ("Church Mutual") hereby removes the action styled and numbered *Hilltop Church of the Nazarene v. Church Mutual Insurance Company*, Cause No. 21-1661-A, pending in the 7th Judicial District Court of Smith County, Texas to the United States District Court for the Eastern District of Texas, Tyler Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## I.     THE STATE COURT ACTION

1.     On July 16, 2021, Hilltop Church of the Nazarene ("Plaintiff") filed its Original Petition in the 7th Judicial District Court of Smith County, Texas in a case styled *Hilltop Church of the Nazarene v. Church Mutual Insurance Company*, Cause No. 21-1661-A.

2.     Plaintiff's Original Petition names Church Mutual as the only defendant in this action.[1]

---

[1] *See* Plaintiff's Original Petition, attached as **Exhibit D.**

## II.     NOTICE OF REMOVAL IS TIMELY

3.      Church Mutual was served with Plaintiff's Original Petition on July 21, 2021. Accordingly, Church Mutual files this Notice of Removal within the 30-day time frame required by 28 U.S.C. § 1446(b).

## III.     VENUE IS PROPER

4.      Venue is proper in the United States District Court for the Eastern District of Texas, Tyler Division under 28 U.S.C. §§ 124(d)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## IV.     BASIS FOR REMOVAL JURISDICTION

5.      Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.  Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Church Mutual, and the amount in controversy exceeds $75,000 excluding interest and costs.

6.      Plaintiff is a religious institution with its principal place of business in Smith County, Texas. Plaintiff is thus a citizen of Texas for purposes of this Court's diversity jurisdiction.

7.      Church Mutual is an insurance company organized under the laws of the State of Wisconsin, with its principal place of business in Merrill, Wisconsin. Consequently, Church Mutual is a citizen of the state of Wisconsin.

8.      Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Church Mutual.

## V.     AMOUNT IN CONTROVERSY

9.      When removal is premised upon diversity jurisdiction, courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[2]

10.     If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Church Mutual's burden to establish the requisite amount in controversy is satisfied.[3]

11.     Here, as alleged in its Original Petition, Plaintiff seeks monetary relief "over $200,000 but not more than $1,000,000,"[4] and it is thus facially apparent from Plaintiff's Original Petition that Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000.00

12.     Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## VI.     COMPLIANCE WITH LOCAL RULE CV-81

13.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 7th District Court of Smith County, Texas.

14.     All pleadings and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).  (See Exhibits D, E, F, G. and H)

15.     As required by 28 U.S.C. § 1446(a) and Local Rule CV-81, a copy of each of the

---

[2]    *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[3]    *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[4]    *See Plaintiff's Original Petition,* attached as **Exhibit D.**

following are attached to (or filed with) this Notice of Removal:

      a.      a list of parties in the case and their party type, attached as <u>Exhibit A</u> to this Notice of Removal;

      b.      a civil cover sheet, attached as <u>Exhibit B</u> to this Notice of Removal;

      c.      a certified copy of the state court docket sheet, attached as <u>Exhibit C</u> to this Notice of Removal;

      d.      a copy of Plaintiff's Original Petition, attached as <u>Exhibit D</u> to this Notice of Removal;

      e.      a copy of Plaintiff's counsel's Letter to Clerk dated July 16, 2021, attached hereto as <u>Exhibit E</u> to this Notice of Removal;

      f.      a copy of the Citation issued for Church Mutual Insurance Company dated July 19, 2021, attached hereto as <u>Exhibit F</u> to this Notice of Removal;

      g.      a copy of the Plaintiff's filed Affidavit of Service [listed as "AX02A21702685_2591F99E.pdf" on the docket], attached hereto as <u>Exhibit G</u> to this notice of Removal;

      h.      a copy of Defendant's Answer to Plaintiff's Original Petition, attached as <u>Exhibit H</u> to this Notice of Removal;

      i.      a List of Attorneys involved in the action, attached as <u>Exhibit I</u> to this Notice of Removal;

      j.      a record of which parties have requested trial by jury, attached as <u>Exhibit J</u> to this Notice of Removal; and

      k.      The name and address of the court from which the case is being removed, attached as <u>Exhibit K</u> to this Notice of Removal.

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all adverse parties promptly upon its filing with this Court, and Church Mutual will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

## VII.    CONCLUSION

WHEREFORE, Defendant Church Mutual Insurance Company requests that this action be removed from the 7th Judicial District Court of Smith County, Texas, to the United States District Court for the Eastern District of Texas, Tyler Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Ron H. Burnovski*
G. Brian Odom
State Bar No. 50511840
bodom@zelle.com
Lindsey P. Bruning
State Bar No.24064967
lbruning@zelle.com
Ron H. Burnovski
State Bar No. 24109409
RBurnovski@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:     214-742-3000
Facsimile:      214-760-8994

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 17th day of August 2021:

Preston J. Dugas III
TBA No. 24050189
preston@pjdlawfirm.com
**PRESTON DUGAS LAW FIRM PLLC**
1701 River Run, Suite 703
Fort Worth, TX 76107
Telephone:     817-945-3061
Facsimile:     682-219-0751
***Attorney for Plaintiff***

*/s/ Ron H. Burnovski*
Ron H. Burnovski