EXHIBIT H

CAUSE NO. 21-1661-A

| | | |
|---|---|---|
| **HILLTOP CHURCH OF THE NAZARENE,** | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | SMITH COUNTY, TEXAS |
| | § § § | |
| **CHURCH MUTUAL INSURANCE COMPANY,** | § § § | 7TH JUDICIAL DISTRICT |
| Defendant. | § § | |

### DEFENDANT CHURCH MUTUAL INSURANCE COMPANY'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant CHURCH MUTUAL INSURANCE COMPANY ("Church Mutual" or "Defendant") files this Original Answer to Plaintiff Hilltop Church of the Nazarene's ("Plaintiff" or "Hilltop") Original Petition and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demands that Plaintiff prove every fact in support of its claims by a preponderance of the evidence. By this general denial, Defendant further demands that Plaintiff prove every fact in support of its claim for any exemplary damages by clear and convincing evidence.

### AFFIRMATIVE DEFENSES

Pursuant to Rule 94 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant sets forth the following Affirmative Defenses to Plaintiff's Original Petition:

2. Plaintiff's Original Petition fails to state a claim against Defendant upon which relief can be granted.

3.     Plaintiff's claims are subject to all terms, conditions, limitations, and exclusions contained in Church Mutual insurance policy No. 0118133-02-696239 issued to Plaintiff (the "Policy") and made the basis of this suit. The Policy speaks for itself and is the best evidence of any coverage it provides.

4.     Plaintiff's claims are barred, in whole or in part, to the extent the damages sought did not result from a covered cause of loss to covered property within the effective Policy period of 12/02/18 to 12/02/21.

5.     Plaintiff's claims are barred, in whole or in part, to the extent the alleged damages sought were caused by "wear and tear," "decay, deterioration, hidden or latent defect, or any quality in property that causes it to damage or destroy itself" and/or "Settling, cracking, shrinking, or expansion."

6.     Plaintiff's claims are barred, in whole or in part, to the extent the alleged damages sought were caused by "continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture, or vapor, that occurs over a period of 14 days or more."

7.     Plaintiff's claims are barred, in whole or in part, to the extent subject to the terms of the Policy's exclusion for loss or damage caused by faulty, inadequate, or defective: (1) Planning, zoning, development, surveying, siting; (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) Materials used in repair, construction, renovation, or remodeling; or (4) Maintenance; of part or all of any property on or off the described premises.

8.     Plaintiff's claims are limited, in whole or in part, by the terms of the Policy's Building Ordinance coverage provision, which provides, among other things, that the coverage will not cover increased construction costs if the covered property is not actually repaired or

reconstructed, that "if the building sustains direct physical damage that is not covered under this policy, and such damage is the subject of the ordinance or law, then there is no coverage under this additional coverage even if the building has also sustained covered direct physical damage," that the coverage will apply "only in response to the minimum requirements of the ordinance or law" and that the coverage is subject to a $100,000 limit.

9. Plaintiff's claims are subject to the appraisal provision of the Policy, which applies in the event of any disagreement as to the amount of the loss. Defendant specifically reserves its rights under the appraisal provision of the Policy.

10. Plaintiff's claims have been fully adjusted and payment tendered in accordance with the terms of the Policy and the damages established.  Plaintiff's claims are barred, in whole or in part, to the extent of Defendant's prior payments under the Policy, net of the applicable deductible, and Plaintiff's recovery under the Policy, if any, must be offset and reduced accordingly by such payments.

12. Plaintiff's claims for damage to the interior of any building or structure at its property, if any, caused by or resulting from rain, whether wind driven or not, are barred in whole or part to the extent the building or structure did not first sustain damage by a covered cause of loss to its roof or walls through which the rain entered.

13. A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant and its employees, agents, representatives, and adjusters are entitled to value claims differently from the policyholder without facing bad faith or extra-contractual liability.  Defendant would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence or occurrences.

14. Defendant further reserves the right to assert additional affirmative defenses as this litigation proceeds.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Church Mutual Insurance Company prays that upon final judgment all relief requested by Plaintiff be denied, that all costs be taxed against Plaintiff, and that it be granted such other and further relief to which it may be justly entitled, whether at law or in equity.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Ron H. Burnovski*
G. Brian Odom
State Bar No. 50511840
bodom@zelle.com
Lindsey P. Bruning
State Bar No. 24064967
lbruning@zelle.com
Ron H. Burnovski
State Bar No. 24109409
RBurnovski@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:    214-742-3000
Facsimile:     214-760-8994

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 12th day of August 2021:

Preston J. Dugas III
TBA No. 24050189
preston@pjdlawfirm.com
**PRESTON DUGAS LAW FIRM, PLLC**
1701 River Run, Suite 703
Fort Worth, TX 76107
Telephone:    817-945-3061
Facsimile:    682-219-0751
*Attorney for Plaintiff*

                                        */s/ Ron H. Burnovski*
                                          Ron H. Burnovski