Electronically Filed
7/16/2021 3:00 PM
Penny Clarkston, Smith County District Clerk
Reviewed By: Gina McClung

CAUSE NO. 21-1661-A _____

| | | |
|---|---|---|
| HILLTOP CHURCH OF THE NAZARENE, § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> CHURCH MUTUAL INSURANCE § <br> COMPANY, § <br> Defendant. § | | IN THE DISTRICT COURT <br><br> _____ JUDICIAL DISTRICT <br><br><br> SMITH COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

HILLTOP CHURCH OF THE NAZARENE, Plaintiff herein, files this its Original Petition against Defendant, CHURCH MUTUAL INSURANCE COMPANY, and, in support of its causes of action, would respectfully show the Court the following:

### I. PARTIES

1. Plaintiff, HILLTOP CHURCH OF THE NAZARENE owns the property made the basis of this suit located at: 10818 University Blvd., Tyler, Smith County, Texas 75707\ (the "Property").

2. Defendant, CHURCH MUTUAL INSURANCE COMPANY ("Church Mutual" or "Defendant") is a foreign entity authorized to engage in the insurance business in the State of Texas and may be served by serving its **Registered Agent for Service of Process, CORPORATION SERVICE COMPANY, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Service is requested by private process at this time.**

### II. DISCOVERY

4. Plaintiff intends to conduct discovery under a Level 3 discovery control plan pursuant to the Texas Rules of Civil Procedure.

### III. CLAIM FOR RELIEF

6. At this time, Plaintiff cannot assess accurately a definite limit to the damages it have sustained, or will sustain in the future, as a result of Defendant's acts. Given the early state of this litigation, projections have not been declared regarding the full extent and severity of the injuries

and damages. In view of these circumstances, Plaintiff does not wish to impose any limit on what it may present to the jury or what the jury may consider as a range of damages in this case; however, Plaintiff makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration. Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief of over $200,000 but not more than $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on its damages. Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses, and additional evidence is compiled. Regardless of what Plaintiff must state for administrative purposes as the amount of damages it seeks pursuant to Tex. R. Civ. P. 47(c), it desires to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

### IV.     JURISDICTION AND VENUE

7. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

8. Venue is proper in Smith County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

### V.     FACTUAL BACKGROUND

9. Plaintiff entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting Plaintiff's Property.

10. The agreement was drafted by Defendant and assigned Policy Number 0118133-02-696239 (the "Policy"). The Policy's effective date was from December 2, 2018 to December 2, 2019 (referred to as the "Policy Period").

11. The Policy covers damage to property as a result of wind, hail, and rain.

12. During the policy period, a wind, hail and rain storm hit Smith County, Texas damaging Plaintiff's Property.

13. Plaintiff subsequently filed a claim under the Policy.

14. Defendant assigned the claim, claim number 1393840 (referred to as the "Claim").

15. Defendant failed to perform a proper inspection of the Property and as a result improperly denied portions of the Claim while underpaying others.

16. Defendant and its adjusters assigned to the Claim prepared a report that failed to include all of the damages sustained by the Property and undervalued the damages observed during the inspection.

17. Defendant and its adjusters' unreasonable investigation led to the underpayment of portions of the Claim while wrongfully denying other portions of the Claim.

18. Moreover, Defendant and its adjusters performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI. CAUSES OF ACTION

### A. Breach of Contract

19. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 18 of this petition.

20. Defendant entered into the Policy with Plaintiff.

21. Plaintiff's Property sustained damage during the Policy Period as a result of wind, hail and rain which is a covered cause of loss under the Policy.

22. Defendant breached the terms of the Policy by wrongfully denying portions of the Claim while underpaying other portions the Claim it found covered.

23. As a result of Defendant's breach of the Policy, Plaintiff has sustained actual damages and has incurred reasonable and necessary attorney's fees to date.

### B. Insurance Code Violations

24.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 23 of this Petition.

### Prompt Payment of Claims Statute

25.     Plaintiff reasserts and reallege the allegations set forth in paragraphs 7 through 24 of this petition.

26.     As set forth above, Plaintiff was insured under the Policy during the Policy Period.

27.     During the Policy Period a hail, wind and rain storm damaged Plaintiff's Property.

28.     As a result of the damage, Plaintiff gave proper notice of a claim under the Policy to Defendant.

29.     Defendant is under an obligation to promptly pay Plaintiff's Claim pursuant to Texas Insurance Code § 542.058.

30.     Defendant delayed payment of Plaintiff's claim for a time exceeding the period specified by statute.

31.     To date, Defendant has not tendered payment for all of Plaintiff's damages arising out of the Claim, despite Plaintiff's requests.

32.     The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Texas Insurance Code § 542.058.

33.     As a result, Plaintiff, in addition to Plaintiff's claim for damages is entitled to statutory interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

### 541 Insurance Code Violations

34.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

35.     Defendant violated § 541.051 of the Texas Insurance Code by:

   (1)    making statements misrepresenting the terms and/or benefits of the policy.

### Violation of § 541.060(a)(1):

36.     Defendant violated § 541.060(a)(1) by misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue.

*Violation of § 541.060(a)(2):*

37. Defendant violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear.

*Violation of § 541.060(a)(3):*

38. Defendant violated § 541.060(a)(3) by failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.

*Violation of § 541.060(a)(4):*

39. Defendant violated § 541.060(a)(4) by failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff.

*Violation of § 541.060(a)(7):*

40. Defendant violated § 541.060(a)(7) by refusing to pay Plaintiff's Claim without conducting a reasonable investigation with respect to the Claim.

41. Defendant violated § 541.061 by:
    (1) making an untrue statement of material fact;
    (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;
    (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
    (4) making a material misstatement of law; and
    (5) failing to disclose a matter required by law to be disclosed.

## C. DTPA Violations

42. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 41 of this Petition.

43. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

44. Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

45. Defendant violated the Texas Deceptive Trade Practices Act by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

46. Upon information and belief, Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.    Breach of The Duty of Good Faith and Fair Dealing**

47. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 46 of this Petition.

48. Plaintiff and Defendant entered into a valid and enforceable insurance policy.

49. Defendant owed Plaintiff the common law duty of good faith and fair dealing.

50. Defendant breached the common law duty of good faith and fair dealing by wrongfully denying and/or underpaying the Claim and delaying payment on the Claim when Defendant knew or should have known liability was reasonably clear.

51. Upon information and belief, Defendant's actions were performed without due regard or care for the Claim process and were done intentionally and/or with gross negligence.

52. Defendant was aware at all times that its actions would result in the denial and/or underpayment of Plaintiff's Claim causing extraordinary harm associated with Plaintiff's Claim.

53. As a result of Defendant's acts and/or omissions, Plaintiff sustained actual damages.

### VII.    ATTORNEYS' FEES

54. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 53 of this petition.

55. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

56. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

57. Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

58. Plaintiff further prays that it be awarded all reasonable and necessary attorney's fees incurred in prosecuting Plaintiff's DTPA causes of action above pursuant to § 17.50(d).

## VIII. CONDITIONS PRECEDENT

59. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## IX. DEMAND FOR JURY

60. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## X. DISCOVERY REQUESTS

61. Pursuant to Rule 194, you are required to disclose, within thirty (30) days after filing an Answer herein, the information or material described in Rule 194.2(b)1-12.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, it recover actual damages and treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest,

post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Preston J. Dugas III*
Preston J. Dugas III
State Bar No. 24050189
preston@pjdlawfirm.com

**PRESTON DUGAS LAW FIRM, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:   (817) 945-3061
Facsimile:   (682) 219-0761
**Attorneys for Plaintiff**