IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HILLTOP CHURCH OF THE NAZARENE, | § § § § § | |
| *Plaintiff,* | | |
| v. | § § | CIVIL ACTION NO. 6:21-CV-00322-JCB |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § § § | |
| *Defendant.* | | |

**COURT ORDERED JOINT REPORT**

TO THE HONORABLE JUDGE BARKER:

(1) **A Brief statement of the claims and defenses:**

Plaintiff owns property located at 10818 University Blvd., Tyler, Texas 75707, which is insured under a property insurance policy issued by Church Mutual. During the Policy period, Plaintiff contends it experienced a loss caused by wind and hail and submitted its claim to Church Mutual. It is Plaintiff's position that Church Mutual failed to adequately compensate Plaintiff for all covered losses and failed to conduct a reasonable investigation of the Claim. In Plaintiff's Complaint, Plaintiff asserted causes of action against Church Mutual for breach of contract, insurance code violations, violations of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing.

Church Mutual contends that it promptly and adequately investigated Plaintiff's claim under its property insurance policy for loss to its property associated with a storm reported to occur on or about March 13, 2019, and that it measured and fully paid Plaintiff for all covered damage that was identified. Church Mutual determined that Plaintiff's property did not sustain any covered hail damage to its roof and, instead, that the condition of the roof was due to wear and tear and the surfacing being at the end of its service life.

(2) **The jurisdictional Basis for Suit.**

The Court's jurisdiction is based on diversity between the parties under 28 U.S.C. § 1332.

(3) **The existence of any additional related cases and the appropriateness of consolidation;**

        The parties are not aware of any additional related cases.

(4) **Dispositive Motions and Objections to Experts:**

All dispositive motions, including motions for summary judgment, shall be filed no later than August 8, 2022. Cross motions for summary judgment shall not, except in truly extraordinary circumstances, be permitted to be filed after the dispositive motion deadline. If the parties seek to extend the dispositive motion deadline closer to the trial date than 120 days, such an extension may mean that the Court may not be able to decide such motions before trial. Delay in deciding motions will not affect the trial date. The inclusion of a dispositive motion deadline does not mean that the parties can file more than one motion for summary judgment. If a party filed such a motion, that party would have to seek leave to file any additional motion(s) for summary judgment. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, by August 8, 2022.

(5) **Whether the parties expect to provide expert reports under 26(a)(2) and conduct expert discovery in this case:**

The parties expect to provide expert reports under Rule 26(a)(2) and to conduct expert discovery in this case.

The parties agree to provide expert report in accordance with Rule 26(a)(2), however, the parties agree to modify the time to disclose expert testimony under Rule 26(a)(2)(D) to 90 days before the expiration of the discovery period.

(6) **A proposed plan and schedule for discovery, including a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;**

The parties propose a discovery cutoff of May 13, 2022.  The parties anticipate discovery will be necessary regarding the submission and handling of Plaintiff's insurance claim, the nature, cause and timing of the damage made the basis of Plaintiff's insurance claim, and the amount of Plaintiff's claimed damages.  The parties agree that discovery should be limited to the issues set forth in the pleadings.  The parties will meet and confer on any other issues prior to seeking relief from the Court.

(7) **Whether document production should proceed by requests for production or mandatory disclosure;**

The parties agree to produce documents in accordance with Rule 26(a)(1)(A)(ii), (iii) and (iv) and may follow up with additional requests for production during discovery.

(8) **Any proposed changes to the discovery limitations imposed by the Federal Rules of Civil Procedure, the Local Rules, and any other discovery limitations, including whether the parties should be required to disclose the legal theories and factual bases of their claims and defenses along with their Rule 26(a)(1) disclosures;**

None other than those modifications in the proposed Scheduling Order.

(9) **Proposed rules for disclosure or discovery of electronically stored information (ESI);**

The parties are not aware of any electronically stored information that may be within the scope of discovery, however, the parties agree to meet and confer on such matters prior to seeking court intervention.

(10) **Any proposed means for the protection of trade secrets, confidential business information, or other proprietary information;**

The parties' initial disclosures are not anticipated to involve the production of trade secrets, confidential business information or other proprietary information. To the extent subsequent discovery may call for the disclosure of such information, the parties agree to meet and confer about any such discovery and proposed means for the protection of such information before seeking court intervention.

(11) **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;**

The parties are not aware of any privileged or trial-preparation material that requires special handling or protection procedures, however, the parties agree to meet and confer on such matters prior to seeking court intervention.

(12) **A proposed trial date, estimated number of days required for trial, and whether a jury has been demanded;**

The parties propose a trial date of December 5, 2022. The parties estimate that trial will take 3-5 days to present evidence. Plaintiff has requested a trial by jury.

(13) **Objections to Rule 26(a)(1) asserted by either party, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

The parties agree to serve Rule 26(a) disclosures within 2 weeks of the Rule 16 Pretrial Conference.

(14) **The parties' position on mediation or arbitration to resolve this litigation, including:**

- Whether the parties believe mediation or arbitration would be helpful to settlement and if not, specific reasons why not;
- When during the litigation mediation or arbitration would be most effective (e.g., before discovery, after limited discovery, after discovery closes, after filing dispositive motions, etc.); and
- Whether the parties prefer to mediate with a private mediator (at the parties' expense) or with a United States Magistrate Judge;

The parties are open to mediation and prefer scheduling mediation after discovery is conducted by the parties or 120 days prior to trial. The parties prefer to mediate with a private mediator agreed upon by all parties.

(15) **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

The parties would request a joinder deadline of December 13, 2021. The parties would request an amended pleading deadline of February 11, 2022, which is beyond the 61 day standard time frame given. This date will still leave 3 months of additional discovery in the event such is needed due to any changes in any parties pleadings.

(16) **Whether a conference with the court is desired;**

No.

(17) **The status of settlement negotiations, which shall not disclose settlement figures;**

Plaintiff has made a demand, and the parties expect to mediate sometime after discovery is complete.

(18) **A statement that counsel for each party has reviewed the undersigned's standing orders and that counsel for each party understands that noncompliance with the Federal Rules of Civil Procedure, the court's local rules, or Judge Barker's standing orders may result in sanction or other disadvantage;**

The undersigned counsel for the parties confirm they have reviewed this Court's standing orders and understand that noncompliance with the Court's applicable orders and applicable rules may result in sanctions or other disadvantage.

(19) **Any other matters relevant to the status and disposition of this case, including any other orders that the parties propose for the court to issue under Rules 16(b) and (c) and 26(c).**

All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on October 12, 2021, and the parties have agreed as to its contents.

**AGREED**:

**Preston J. Dugas III** -- preston@pjdlawfirm.com
State Bar No. 24050189
**PRESTON DUGAS LAW FIRM, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone: (817) 945-3061
Facsimile: (682) 219-0761

-and-

**Ron Burnovski** -- rburnovski@zelle.com
State Bar No. 24109409
**G. Brian Odom** -- bodom@zelle.com
State Bar No. 50511840
**Lindsey P. Bruning** -- lbruning@zelle.com
State Bar No. 24064967
**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202
Telephone: (214) 742-3000
Facsimile:  (214) 760-8994

## CERTIFICATE OF CONFERENCE

On October 12, 2021, I conferred with Ron Burnovski, attorney for Defendant, and he agrees to the contents of this Joint Report.

/s/*Preston J. Dugas III*
Preston J. Dugas III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record in accordance with the Federal Rule of Civil Procedure, on this the 12th day of October, 2021, via the Court's electronic filing system.

*via e-service*
Ron Burnovski
rburnovski@zelle.com
G. Brian Odom
bodom@zelle.com
Lindsey P. Bruning
lbruning@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202
Telephone: (214) 742-3000
Facsimile:  (214) 760-8994

/s/*Preston J. Dugas III*
Preston J. Dugas III