UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HILLTOP CHURCH OF THE NAZARENE, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:21-CV-00322-JCB |
| | § | |
| CHURCH MUTUAL INSURANCE | § | |
| COMPANY | § | |
| *Defendant*. | § | |

---

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE
## TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff HILLTOP CHURCH OF THE NAZARENE ("Plaintiff"), and files this, Plaintiff's Unopposed Motion For Leave To File Plaintiff's First Amended Complaint against Defendant, CHURCH MUTUAL INSURANCE COMPANY("Defendant"), and in support of its Motion, would respectfully show the Court the following:

### I.

### <u>INTRODUCTION</u>

1.      Plaintiff obtained an insurance policy from Defendant that insures the Property from damage as a result of wind, hail, and rain (the "Policy"). The Policy was drafted by Defendant and assigned Policy Number 0118133-02-696239. The effective date of the Policy was from December 2, 2018 to December 2, 2019 (referred to as the "Policy Period").

2.      Subsequent thereto, a wind, hail and rain storm hit Smith County, Texas damaging Plaintiff's Property. Consequently, Plaintiff made a claim under the Policy, which Defendant denied.

3.      As a result, Plaintiff filed a lawsuit on July 17, 2021, in Smith County Texas, asserting a number of causes of action including Breach of Contract, Texas Insurance Code violations, Texas Deceptive Trade and Practices Act ("DTPA") violations, and Breach of the Duty of Fair Dealing and Good Faith. Thereafter, Defendant removed Plaintiff's action to this Court.

4.      Defendant filed a Notice of Removal on August 17, 2021.

5.      Thereafter, Defendant responded to Plaintiff's written discovery and produced new documents. After reviewing Defendant's discovery responses and new evidence Plaintiff finds it is necessary to amend its complaint to ensure Defendant is aware of the facts that form the basis of Plaintiff's causes of action.

6.      Plaintiff now files this Unopposed Motion for Leave to File Plaintiff's First Amended Complaint to add additional facts to the complaint, and set forth more clearly Plaintiff's causes of actions and facts supporting those causes of action. Plaintiff conferred with Defendant and Defendant indicated it is unopposed to Plaintiff's Motion for Leave.

## II.

### ARGUMENTS AND AUTHORITY

7.       Plaintiff respectfully requests that this Court grant leave to file Plaintiff's First Amended Complaint in order to name the proper party as defendant and plead additional facts to support its causes of action.

8.       When a motion to amend pleadings is presented before the date prescribed by a scheduling order, the Court should look to the less stringent requirements of Rule 15(a), which states that a party may amend its pleading by obtaining the opposing party's written consent or the court's leave. *See* FED. R. CIV. P. 15(a)(2). This Court "should freely give leave when justice

so requires"[1] and cannot deny leave unless the Court has a "substantial reason for so doing."[2] However, the decision to grant leave is within the discretion of the Court.[3] This standard favors leave "as a necessary companion to notice pleading and discovery."[4]

9.      Presently, Plaintiff is not seeking leave to add new claims, and is merely seeking leave to add additional facts and clearly identify all causes of action and facts supporting those causes of action. Attached hereto as Exhibit A, is a copy of Plaintiff's First Amended Complaint. Accordingly, Plaintiff respectfully requests that this Court grant Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint.

## III.

## CONCLUSION AND PRAYER

Plaintiff respectfully requests the Court enter an order granting this Unopposed Motion For Leave To File Plaintiff's First Amended Complaint.

Respectfully submitted,

*/s/ Vincent P. Circelli*
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com

DUGAS, CHEEK & CIRCELLI, PLLC
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:     (817) 945-3061
Facsimile:     (682) 219-0761

ATTORNEYS FOR PLAINTIFF

---

[1] FED. R. CIV. P. 15(a)(2).
[2] *Brenda Lemeilleur vs. Monumental Live Ins. Co., Trustees of The National Homeowners Group Ins. Trust, et al.*, No. SA-08-CA-701-FB, 2010 WL 11507138, at *1 (W.D. Tex. March 18, 2010).
[3] *Id*.
[4] *Lone Star Ladies Inv. Club v. Schlotzsky's Inc*., 238 F.3d 363, 367 (5th Cir. 2001).

## CERTIFICATE OF CONFERENCE

On February 11, 2022, Plaintiff's counsel Preston Dugas conferred with Defendant's counsel, and Defendant's counsel indicated Defendant is unopposed Plaintiff's Motion for Leave.

*/s/ Vincent P. Circelli*
Vincent P. Circelli

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2022, a true and correct copy of the foregoing was served on all counsel of record pursuant to Federal Rule of Civil Procedure 5(b), as follows:

*via e-service*
Ron Burnovski
G. Brian Odom
Lindsey P. Bruning

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202

*/s/ Vincent P. Circelli*
Vincent P. Circelli