UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| HILLTOP CHURCH OF THE NAZARENE, § § § Plaintiff, § § v. § § § CHURCH MUTUAL INSURANCE COMPANY, § § § Defendant. § | Civil Action NO. 6:21-CV-00322-JCB |

**DEFENDANT CHURCH MUTUAL INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Church Mutual Insurance Company ("Church Mutual" or "Defendant") files this Answer to Plaintiff Hilltop Church of the Nazarene's ("Plaintiff" or "Hilltop") First Amended Complaint and would respectfully show the Court as follows:

**DEFENDANT CHURCH MUTUAL'S ANSWER**

**I. PARTIES**

1. The jurisdictional allegations in paragraph 1 of Plaintiff's First Amended Complaint require no response from Church Mutual; however, to the extent a response is required, upon information and belief, Church Mutual admits the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint.

2. The jurisdictional allegations in paragraph 2 of Plaintiff's First Amended Complaint require no response from Church Mutual; however, to the extent a response is required, Church Mutual admits the allegations contained in paragraph 2 of Plaintiff's First Amended Complaint.

## II. JURISDICTION AND VENUE

3. The jurisdictional allegations in paragraph 3 of Plaintiff's First Amended Complaint contain legal conclusions and require no response from Church Mutual. To the extent a response is required, Church Mutual admits this Court has jurisdiction of this action.

4. The jurisdictional allegations in Paragraph 4 of Plaintiff's First Amended Complaint contain legal conclusions and require no response from Church Mutual. To the extent a response is required, Church Mutual admits this Court has subject matter jurisdiction of this cause of action pursuant to 28 U.S.C. § 1332.

5. The jurisdictional allegations in paragraph 5 of Plaintiff's First Amended Complaint contain legal conclusions and require no response from Church Mutual. To the extent a response is required, Church Mutual admits that venue is proper under 28 U.S.C. § 1391(b)(2) because the property made the basis of this suit is within this Court's jurisdiction.

## III. FACTUAL BACKGROUND

6. Church Mutual admits that Plaintiff Hilltop is a named insured under a property insurance policy issued by Church Mutual, policy no. 0118133-02-696239 (the "Policy"), with effective dates of coverage from December 2, 2018 through December 2, 2021, subject to all terms, conditions, limitations, and exclusions set forth in the Policy, which speaks for itself. Church Mutual further admits that Hilltop paid premiums in exchange for the insurance coverage provided by the Policy, which covers Hilltop's property located at 10818 University Drive, Tyler, Texas 75707 (the "Property"), subject to all terms, conditions, limitations, and exclusions set forth in the Policy. Church Mutual denies the remaining allegations in paragraph 6.

7. Church Mutual admits that Plaintiff Hilltop is a named insured under the Policy, with effective dates of coverage from December 2, 2018 through December 2, 2021, subject to all

terms, conditions, limitations, and exclusions set forth in the Policy, which speaks for itself. Church Mutual denies the remaining allegations in paragraph 7.

8. Church Mutual admits the Policy covers damage to covered property caused by or resulting from wind, hail, and rain, subject to all applicable policy terms, exclusions, and endorsements. Church Mutual denies the remaining allegations in paragraph 8.

9. Church Mutual admits that Smith County, Texas experienced storm event(s) during the policy period that caused limited damage to the Property, for which coverage was provided. Church Mutual denies the remaining allegations in paragraph 9.

10. Church Mutual denies the allegations in paragraph 10 of Plaintiff's First Amended Complaint.

11. Church Mutual admits that the shingle roofing at the Property sustained limited wind damage, for which coverage was provided. Church Mutual denies the allegations in paragraph 11 of Plaintiff's First Amended Complaint.

12. Church Mutual denies the allegations in paragraph 12 of Plaintiff's First Amended Complaint.

13. Church Mutual denies the allegations in paragraph 13 of Plaintiff's First Amended Complaint.

14. Church Mutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's First Amended Complaint, and accordingly denies any such allegations.

15. Church Mutual denies the allegations in paragraph 15 of Plaintiff's First Amended Complaint.

16. Church Mutual denies the allegations in paragraph 16 of Plaintiff's First Amended Complaint.

17. Church Mutual specifically denies that Plaintiff filed a claim under the Policy on or about April 28, 2019, for alleged storm damage. Church Mutual's records indicate that Plaintiff did not file a claim under the Policy for the alleged damage until August 28, 2019. Church Mutual denies the remaining allegations in paragraph 17 of Plaintiff's First Amended Complaint.

18. Church Mutual admits the allegations in paragraph 18 of Plaintiff's First Amended Complaint.

A. **Investigation, Reports, and Denial.**

19. Church Mutual admits the allegations in paragraph 19 of Plaintiff's First Amended Complaint.

20. Church Mutual admits that Mike Hickey with Leading Edge Claims Services inspected the property on September 26, 2019. Church Mutual otherwise denies the allegations in paragraph 20 of Plaintiff's First Amended Complaint.

21. Church Mutual denies the allegations in paragraph 21 of Plaintiff's First Amended Complaint.

22. Church Mutual denies the allegations in paragraph 22 of Plaintiff's First Amended Complaint.

23. Church Mutual denies the allegations in paragraph 23 of Plaintiff's First Amended Complaint.

24. Church Mutual denies the allegations in paragraph 24 of Plaintiff's First Amended Complaint.

25.     Church Mutual admits that Mr. Hickey identified some wind damage to the shingles, for which coverage was provided. Church Mutual denies the allegations in paragraph 25 of Plaintiff's First Amended Complaint.

26.     Church Mutual denies the allegations in paragraph 26 of Plaintiff's First Amended Complaint.

27.     Church Mutual admits that Mr. Hickey identified some wind damage to the shingles, for which coverage was provided. Church Mutual denies the allegations in paragraph 27 of Plaintiff's First Amended Complaint.

28.     Church Mutual admits that on October 14, 2019, Church Mutual tendered payment of $10,726.69 (after application of a $2,500 deductible) for covered damage resulting from an alleged March 13, 2019 storm event. Church Mutual otherwise denies the allegations in paragraph 28 of Plaintiff's First Amended Complaint.

29.     Church Mutual admits the allegations in paragraph 29 of Plaintiff's First Amended Complaint.

30.     Church Mutual admits that Daniel J. Hillner with EFI Global inspected the Property on April 1, 2020. Church Mutual otherwise denies the allegations in paragraph 30 of Plaintiff's First Amended Complaint.

31.     Church Mutual denies the allegations in paragraph 31 of Plaintiff's First Amended Complaint.

32.     Church Mutual denies the allegations in paragraph 32 of Plaintiff's First Amended Complain.

33.     Church Mutual denies the allegations in paragraph 33 of Plaintiff's First Amended Complaint.

34. Church Mutual admits that EFI's report concludes that observed granule loss was the result of heavy shingle blistering, which was caused by excess heat below the shingles. Church Mutual otherwise denies the allegations in paragraph 34.

35. Church Mutual denies the allegations in paragraph 35 of Plaintiff's First Amended Complaint.

36. Church Mutual admits that EFI's report concludes that observed granule loss was the result of heavy shingle blistering, which was caused by excess heat below the shingles. Church Mutual denies the allegations in paragraph 36 of Plaintiff's First Amended Complaint.

37. Church Mutual denies the allegations in paragraph 37 of Plaintiff's First Amended Complaint.

38. Church Mutual admits the shingle roofing at the Property sustained limited wind damage as a result of the alleged storm, for which coverage was provided. Church Mutual denies the remaining allegations in paragraph 38 of Plaintiff's First Amended Complaint.

39. Church Mutual denies the allegations in paragraph 39 of Plaintiff's First Amended Complaint.

40. Church Mutual admits EFI Global's report was issued on April 16, 2020 and that Church Mutual denied the remainder of Hilltop's claim via letter dated April 20, 2020. Church Mutual otherwise denies the allegations in paragraph 40.

41. Church Mutual denies the allegations in paragraph 41 of Plaintiff's First Amended Complaint.

42. Church Mutual denies the allegations in paragraph 42 of Plaintiff's First Amended Complaint.

43. Church Mutual denies the allegations in paragraph 43 of Plaintiff's First Amended Complaint.

B.  **Policy Compliance**

44. Church Mutual denies the allegations in paragraph 44 of Plaintiff's First Amended Complain.

## IV. CAUSES OF ACTION

A.  **Breach of Contract**

45. Church Mutual incorporates by reference its answers to the preceding allegations in paragraphs 6 through 44.

46. Church Mutual admits that the parties entered into the Policy, subject to all terms, conditions, limitations, and exclusions therein.

47. Church Mutual admits Hilltop suffered covered damage up to the amount Church Mutual previously indemnified Plaintiff for in connection with the claim made the basis of this lawsuit. Church Mutual otherwise denies the allegations in paragraph 47 of Plaintiff's First Amended Complaint.

48. Church Mutual denies the allegations in paragraph 48 of Plaintiff's First Amended Complaint.

49. Church Mutual denies the allegations in paragraph 49 of Plaintiff's First Amended Complaint.

50. Church Mutual denies the allegations in paragraph 50 of Plaintiff's First Amended Complaint

B.   **Insurance Code Violations**

51. Church Mutual incorporates by reference its answers to the preceding allegations in paragraphs 6 through 50.

*Prompt Payment of Claims Statute*

52. Church Mutual admits that the Property was insured under the Policy, subject to all terms, conditions, limitations, and exclusions therein. Church Mutual denies any remaining allegations in paragraph 52 of Plaintiff's First Amended Complaint.

53. Church Mutual admits that the Property sustained limited damage resulting from a storm event during the policy period, for which coverage was provided. Church Mutual otherwise denies the allegations in paragraph 53 of Plaintiff's First Amended Complaint.

54. Church Mutual denies the allegations in paragraph 54 of Plaintiff's First Amended Complaint.

55. Church Mutual admits that Texas Law requires it to promptly pay a covered claim occurring during the policy period. Church Mutual otherwise denies the allegations in paragraph 55 of Plaintiff's First Amended Complaint

56. Church Mutual admits it tendered payment of $10,726.69 (after application of a $2,500 deductible) for covered damage to the Property. Church Mutual denies the remaining allegations in paragraph 56 of Plaintiff's First Amended Complaint.

57. Church Mutual denies the allegations in paragraph 57 of Plaintiff's First Amended Complaint.

58. Church Mutual denies the allegations in paragraph 58 of Plaintiff's First Amended Complaint.

59. Church Mutual denies the allegations in paragraph 59 of Plaintiff's First Amended Complaint.

60. Church Mutual denies the allegations in paragraph 60 of Plaintiff's First Amended Complaint.

*541 Insurance Code Violations*

61. Church Mutual admits it is required to comply with Chapter 541 of the Texas Insurance Code.

62. Church Mutual admits the allegations in paragraph 62 of Plaintiff's First Amended Complaint.

63. Church Mutual denies the allegations in paragraph 63 of Plaintiff's First Amended Complaint

64. Church Mutual denies the allegations in paragraph 64 of Plaintiff's First Amended Complaint.

    (a)    *541.060(a)(1)-misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue*

65. Church Mutual incorporates by reference its answers to the preceding allegations in paragraphs 6 through 64.

66. Church Mutual denies the allegations in paragraph 66, including subparagraphs i. through v., of Plaintiff's First Amended Complaint.

67. Church Mutual denies the allegations in paragraph 67 of Plaintiff's First Amended Complaint.

    (b)    *§541.060(a)(2)-failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear.*

68. Church Mutual incorporates by reference its answers to the preceding allegations in paragraphs 6 through 67.

69. Church Mutual denies the allegations in paragraph 69, including subparagraphs i. through v., of Plaintiff's First Amended Complaint.

70. Church Mutual denies the allegations in paragraph 70 of Plaintiff's First Amended Complaint.

> (c)   *541.060(a)(3)-failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, relation to the facts or applicable law, for the insurer's denial of a claim or offer or a compromise settlement of a claim.*

71. Church Mutual incorporates by reference its answers to the preceding allegations in paragraphs 6 through 70.

72. Church Mutual denies the allegations in paragraph 72 of Plaintiff's First Amended Complaint.

73. Church Mutual denies the allegations in paragraph 73 of Plaintiff's First Amended Complaint.

74. Church Mutual denies the allegations in paragraph 74 of Plaintiff's First Amended Complaint.

75. Church Mutual denies the allegations in paragraph 75 of Plaintiff's First Amended Complaint.

76. Church Mutual denies the allegations in paragraph 76 of Plaintiff's First Amended Complaint.

77. Church Mutual denies the allegations in paragraph 77 of Plaintiff's First Amended Complaint.

78. Church Mutual denies the allegations in paragraph 78 of Plaintiff's First Amended Complaint.

79. Church Mutual denies the allegations in paragraph 79 of Plaintiff's First Amended Complaint.

> (d) *541.060(a)(4) by failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff.*

80. Church Mutual incorporates by reference its answers to the preceding allegations in paragraphs 6 through 79.

81. Church Mutual denies the allegations set forth in paragraph 81 of Plaintiff's First Amended Complaint.

82. Church Mutual denies the allegations in paragraph 82 of Plaintiff's First Amended Complaint.

> (g) *541.060(a)(7) by refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim.*

83. Church Mutual incorporates by reference its answers to the preceding allegations in paragraphs 6 through 56.

84. Church Mutual denies the allegations in paragraph 84, including subparagraphs i. through v., of Plaintiff's First Amended Complaint.

85. Church Mutual denies the allegations in paragraph 85 of Plaintiff's First Amended Complaint.

86. Church Mutual denies the allegations in paragraph 86 of Plaintiff's First Amended Complaint.

C.  **DTPA Violations**

87. Church Mutual incorporates by reference its answers to the preceding allegations in paragraphs 6 through 86.

88. Church Mutual admits the allegations in paragraph 88 of Plaintiff's First Amended Complaint.

89. Church Mutual admits the allegations in paragraph 89 of Plaintiff's First Amended Complaint.

90. Church Mutual denies the allegations in paragraph 90 of Plaintiff's First Amended Complaint.

91. Church Mutual denies the allegations in paragraph 91 of Plaintiff's First Amended Complaint.

92. Church Mutual denies the allegations in paragraph 92 of Plaintiff's First Amended Complaint.

93. Church Mutual denies the allegations in paragraph 93 of Plaintiff's First Amended Complaint.

94. Church Mutual denies the allegations in paragraph 94 of Plaintiff's First Amended Complaint.

D.  **Breach of the Duty of Good Faith and Fair Dealing**

95. Church Mutual incorporates by reference its answers to the preceding allegations in paragraphs 6 through 94.

96. Church Mutual admits the parties entered into a valid and enforceable insurance policy, subject to the terms, conditions, limitations, and exclusions therein.

97. Church Mutual admits that it owes its insureds the common law duty of good faith and fair dealing.

98. Church Mutual denies the allegations in paragraph 98, including subparagraphs i. through v., of Plaintiff's First Amended Complaint.

99. Church Mutual denies the allegations in paragraph 99 of Plaintiff's First Amended Complaint.

100. Church Mutual denies the allegations in paragraph 100 of Plaintiff's First Amended Complaint.

101. Church Mutual denies the allegations in paragraph 101 of Plaintiff's First Amended Complaint.

### V. ATTORNEY'S FEES

102. Church Mutual incorporates by reference its answers to the preceding allegations in paragraphs 6 through 101.

103. Church Mutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of Plaintiff's First Amended Complaint.

104. Church Mutual denies the allegations in paragraph 104 of Plaintiff's First Amended Complaint.

105. Church Mutual denies the allegations in paragraph 105 of Plaintiff's First Amended Complaint.

106. Church Mutual denies the allegations in paragraph 106 of Plaintiff's First Amended Complaint.

## VI. CONDITIONS PRECEDENT

107. Church Mutual denies the allegations contained in paragraph 107 of Plaintiff's First Amended Complaint.

## VII. DEMAND FOR JURY

108. Church Mutual admits Plaintiff has demanded a trial by jury.

## VIII. PRAYER

109. No response is required to Plaintiff's prayer for relief. However, to the extent a response is required, Church Mutual denies that Plaintiff is entitled to any judgment against or recovery from Church Mutual in this lawsuit

## AFFIRMATIVE DEFENSES

110. Church Mutual sets forth the following affirmative defenses to the allegations set forth in Plaintiff's First Amended Complaint:

a. Plaintiff's First Amended Petition fails to state a claim against Defendant upon which relief can be granted.

b. Plaintiff's claims are subject to all terms, conditions, limitations, and exclusions contained in the Policy and made the basis of this suit. The Policy speaks for itself and is the best evidence of any coverage it provides.

c. Plaintiff's claims are barred, in whole or in part, to the extent the damages sought did not result from a covered cause of loss to covered property within the effective Policy period of 12/02/18 to 12/02/21.

d. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to give prompt notice of the alleged loss.

e. Plaintiff's claims are barred, in whole or in part, to the extent the alleged damages sought were caused by "wear and tear," "decay, deterioration, hidden or latent defect, or any quality in property that causes it to damage or destroy itself" and/or "Settling, cracking, shrinking, or expansion."

f. Plaintiff's claims are barred, in whole or in part, to the extent the alleged damages sought were caused by "continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture, or vapor, that occurs over a period of 14 days or more."

g. Plaintiff's claims are barred, in whole or in part, to the extent subject to the terms of the Policy's exclusion for loss or damage caused by faulty, inadequate, or defective: (1) Planning, zoning, development, surveying, siting; (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) Materials used in repair, construction, renovation, or remodeling; or (4) Maintenance; of part or all of any property on or off the described premises.

h. Plaintiff's claims are limited, in whole or in part, by the terms of the Policy's Building Ordinance coverage provision, which provides, among other things, that the coverage will not cover increased construction costs if the covered property is not actually repaired or reconstructed, that "if the building sustains direct physical damage that is not covered under this policy, and such damage is the subject of the ordinance or law, then there is no coverage under this additional coverage even if the building has also sustained covered direct physical damage," that the coverage will apply "only in response to the minimum requirements of the ordinance or law" and that the coverage is subject to a $100,000 limit.

i. Plaintiff's claims are subject to the appraisal provision of the Policy, which applies in the event of any disagreement as to the amount of the loss. Defendant specifically reserves its rights under the appraisal provision of the Policy.

j. Plaintiff's claims have been fully adjusted and payment tendered in accordance with the terms of the Policy and the damages established. Plaintiff's claims are barred, in whole or in part, to the extent of Defendant's prior payments under the Policy, net of the applicable deductible, and Plaintiff's recovery under the Policy, if any, must be offset and reduced accordingly by such payments.

k. Plaintiff's claims for damage to the interior of any building or structure at its property, if any, caused by or resulting from rain, whether wind driven or not, are barred in whole or part to the extent the building or structure did not first sustain damage by a covered cause of loss to its roof or walls through which the rain entered.

l. A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant and its employees, agents, representatives, and adjusters are entitled to value claims differently from the policyholder without facing bad faith or extra-contractual liability. Defendant would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence or occurrences.

m. Defendant further reserves the right to assert additional affirmative defenses as this litigation proceeds.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Church Mutual Insurance Company prays that upon final judgment all relief requested by Plaintiff be denied, that all costs

be taxed against Plaintiff, and that it be granted such other and further relief to which it may be justly entitled, whether at law or in equity.

          Respectfully submitted,

          **ZELLE LLP**

          By: */s/ Lindsey P. Bruning*
              G. Brian Odom
              State Bar No. 50511840
              bodom@zelle.com
              Lindsey P. Bruning
              State Bar No.24064967
              lbruning@zelle.com

          901 Main Street, Suite 4000
          Dallas, TX  75202
          Telephone:     214-742-3000
          Facsimile:      214-760-8994

          **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 28th day of February 2022:

Vincent P. Circelli
TBA No. 24058804
vcicelli@dcclawfirm.com
Preston J. Dugas III
TBA No. 24050189
preston@pjdlawfirm.com
**DUGAS, CHEEK & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, TX 76107
Telephone:    817-945-3061
Facsimile:     682-219-0751
***Attorneys for Plaintiff***

                                            */s/ Lindsey P. Bruning*