UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HILLTOP CHURCH OF THE NAZARENE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action NO. 6:21-CV-00322-JCB |
| | § § | |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

**DEFENDANT'S SUPPLEMENTAL RULE 26(A)(2) EXPERT DESIGNATION**

TO: Plaintiff, Hilltop Church of the Nazarene, by and through its counsel of record, Vincent P. Circelli and Preston J. Dugas III, **Dugas, Cheek & Circelli, PLLC,** 1701 River Run, Suite 703, Fort Worth, TX 76107.

Pursuant to the Court's Scheduling Order, the Court's February 10, 2022 Minute Order, Federal Rule of Civil Procedure 26(a)(2), and Local Rule CV-26(b), Defendant Church Mutual Insurance Company ("Defendant") submits the following Supplemental Expert Designation:

**I.
RETAINED EXPERTS**

Defendant may use the following retained expert to present evidence under Federal Rules of Evidence 702, 703, and/or 705 in this matter:

1. **Daniel J. Hillner, P.E.**
   **EFI GLOBAL, INC.**
   **1800 10th Street, Suite 300**
   **Plano, Texas 75074**
   **(972) 484-6020**

Mr. Hillner may offer opinion and/or inference testimony regarding: (a) the design, construction, and physical condition of the insured property located at 10818 University Drive, Tyler, Texas 75707 (the "Property"), including the roofs, walls, and other exterior components of

the Property purportedly damaged during a weather event on or about March 13-14, 2019; (b) the nature and extent of any physical damage sustained by the Property as a result of a weather event on or about March 13-14, 2019; and (c) the cause and origin of physical damage existing at the Property.

Mr. Hillner may also respond to any reports, opinions, conclusions, evidence, or testimony offered by Plaintiff or its designated experts concerning any of the above or related topics. Mr. Hillner may also offer expert opinions and conclusions in response to any rebuttal reports, opinions, conclusions, evidence, or testimony that may be offered by Plaintiff and/or Plaintiff's designated experts.

The general substance of Mr. Hillner's opinions and conclusions, the basis and reasons for his opinions and conclusions, and the facts and/or data considered by him in forming his opinions and conclusions are set forth in his report dated April 16, 2020 – a copy of which was previously produced to Plaintiff, bates-labeled CM 00346-410, and was attached to Defendant's Initial Disclosures as **Exhibit A-1**. Mr. Hillner is preparing a supplemental report containing his opinions and conclusions, the basis and reasons for his opinions and conclusions, and the facts and/or data considered by him in forming his opinions and conclusions, which will be provided to Plaintiff's counsel on April 4, 2022, per the Parties' agreement. Mr. Hillner may also utilize drawings, photographs, charts, diagrams, and other demonstrative or illustrative aides to assist in explaining his testimony and opinions.

To the extent not specified in his reports, Mr. Hillner's opinions and conclusions are based on his education, training, and experience, his inspection of the Property, and his review of the facts and/or data contained in the documents included in his file for this matter.

A copy of Mr. Hillner's *curriculum vitae* was attached to Defendant's Initial Disclosures as **Exhibit A-2**. A list of all cases in the last four years in which Mr. Hillner offered testimony as

an expert witness (whether by deposition or at trial) was attached to Defendant's Initial Disclosures as **Exhibit A-3**. If necessary, Mr. Hillner will testify regarding his training, education, experience, and qualifications, as well as any other matters set forth in his *curriculum vitae.*

Mr. Hiller has been paid (and will be paid) on an hourly basis for services rendered in this matter. A rate sheet reflecting Mr. Hillner's hourly rate was attached to Defendant's Initial Disclosures as **Exhibit A-4**.

> 2. **Josh Ziegler**
>    CAVALRY CONSTRUCTION
>    **8501 N. Belt Line Rd. #170**
>    **Irving, Texas 76053**
>    **(940) 636-9114**

Mr. Ziegler may offer opinion and/or inference testimony regarding the cost of repairs to Plaintiff's Property for damage claimed by Plaintiff and its designated expert. Mr. Ziegler may also respond to any reports, opinions, conclusions, evidence, or testimony offered by Plaintiff or its designated expert concerning the above or any related topics. Mr. Ziegler may also offer expert opinions and conclusions in response to any rebuttal reports, opinions, conclusions, evidence, or testimony that may be offered by Plaintiff and/or Plaintiff's designated experts.

The general substance of Mr. Ziegler's opinions and conclusions, the basis and reasons for his opinions and conclusions, and the facts and/or data considered by him in forming his opinions and conclusions will be set forth in his report, which will be provided to Plaintiff's counsel on April 8, 2022, per the Parties' agreement. Mr. Ziegler may also utilize drawings, photographs, charts, diagrams, and other demonstrative or illustrative aides to assist in explaining his testimony and opinions.

To the extent not specified in his report, Mr. Ziegler's opinions and conclusions are based on his education, training, and experience, his inspection of the Property, and his review of the facts and/or data contained in the documents included in his file for this matter.

A copy of Mr. Ziegler's *curriculum vitae* is attached to these disclosures as **Exhibit B-1**. Mr. Ziegler has not authored any publications in the previous ten years and has not testified as an expert witness (by deposition or at trial) in the last four years. If necessary, Mr. Ziegler will testify regarding his training, education, experience, and qualifications, as well as any other matters set forth in his *curriculum vitae.*

Mr. Ziegler has been paid (and will be paid) on an hourly basis for services rendered in this matter. A rate sheet reflecting Mr. Ziegler's hourly rate is attached as **Exhibit B-2**.

## II.
## NON-RETAINED EXPERTS

In addition to the above-listed retained experts, Defendant may use the following non-retained experts to present evidence under Federal Rules of Evidence 702, 703, and/or 705 in this matter:

1. Steven J. Badger
   ZELLE LLP
   901 Main Street, Suite 4000
   Dallas, TX 75202-3975
   (214) 742-3000

Mr. Badger is a Senior Partner in the law firm of Zelle LLP, counsel for Defendant in this matter. Mr. Badger may testify as a rebuttal witness regarding the reasonableness and necessity of the attorneys' fees and expenses incurred and/or requested by Plaintiff in this matter and, if necessary, on appeal. Mr. Badger may also testify as to the reasonableness and necessity of the attorneys' fees and expenses incurred by Defendant in connection with this matter and, if necessary, on appeal.

Because this case is ongoing, Mr. Badger's opinions and conclusions are still being formed. Mr. Badger will reach his opinions and conclusions based on his education, training, and experience as an attorney, his review of the time records and bills produced in this case, the standards delineated in Rule 1.04(b), section 9 of the State Bar Rules, his experience with existing clients and the rates charged those clients, and his knowledge and experience with the rates charged by lawyers of like skill and competency in similar cases in the relevant geographic area.

### III.
### LIMITATIONS, RESERVATIONS, AND CROSS-DESIGNATIONS

To the extent any witness identified by Plaintiff expresses opinion and/or inference testimony in discovery or at trial that has not been divulged prior to Defendant's service of this designation, and such opinion creates a need for additional areas of rebuttal testimony or proof, Defendant expressly reserves the right to supplement this designation and/or the reports referenced herein.

Defendant also reserves the right to elicit opinion and/or inference testimony during the direct and/or cross-examination of any persons (a) designated as expert witnesses by other parties to this matter and/or (b) who are called to testify at trial in this lawsuit, whether by live testimony or by deposition. However, in making this designation, Defendant expressly reserves (and does not waive) the right to object to, challenge, or otherwise seek to exclude and/or limit the testimony of any such persons on any substantive and/or procedural basis supported by applicable law, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or any relevant orders of the Court.

Defendant further reserves the right to elicit opinion and/or inference testimony from lay witnesses in accordance with Federal Rule of Evidence 701.

Respectfully submitted,

By: */s/ Lindsey P. Bruning*
    G. Brian Odom
    State Bar No. 50511840
    bodom@zelle.com
    Lindsey P. Bruning
    State Bar No.24064967
    lbruning@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    A true and correct copy of the foregoing has been served on the following counsel of record in accordance with FEDERAL RULES OF CIVIL PROCEDURE on this 31st of March 2022:

Vincent P. Circelli
TBA No. 24058804
vcicelli@dcclawfirm.com
Preston J. Dugas III
TBA No. 24050189
preston@pjdlawfirm.com
**DUGAS, CHEEK & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, TX 76107
Telephone:    817-945-3061
Facsimile:    682-219-0751

*Attorneys for Plaintiff*

                                                */s/ Lindsey P. Bruning*
                                                  Lindsey P. Bruning