IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HILLTOP CHURCH OF THE NAZARENE, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | CIVIL ACTION NO. 6:21-cv-00322-JCB |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § § | |
| *Defendant*. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE OPINIONS OF JAMES MAXWELL JUDGE AND BRIEF IN SUPPORT**

Plaintiff, Hilltop Church of the Nazarene ("Plaintiff") responds in opposition to Defendant Church Mutual Insurance Company's Motion to Exclude Opinions of James Maxwell Judge and files its brief in support. Plaintiff respectfully requests that the motion be denied and would show the Court as follows:

## I.
## OVERVIEW

Defendant does not challenge the qualifications or expertise of Plaintiff's expert James Maxwell Judge ("Mr. Judge"). Mr. Judge has decades of experience in the industry and has regularly been allowed to testify at trial, including in this District. *See, e.g.*, *Gun Barrell Jacksonville LLC v. Depositors Ins. Co.*, No. 6:20-CV-469-JDK, 2021 WL 5154218, at *3 (E.D. Tex. Oct. 9, 2021) ("[T]he Court finds that Judge's report and estimate satisfy Rule 26(a)."); *Sanson v. Allstate Tex. Lloyds*, No. 4:17-CV-00733, 2018 WL 4253766, at *1 (E.D. Tex. Sept. 6, 2018) (Denying Motion to strike "Max Judge . . . as an expert regarding roof damage").

Rather than attack his qualifications—which Defendant cannot do—Defendant's Motion cites its own expert findings to disagree with Judge's conclusions, but disputes over expert credibility are the exclusive domain of the factfinder and are not a proper basis for excluding expert testimony. *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1345 (11th Cir. 2003) (alleged flaws in an expert's analysis concern the accuracy of his conclusions, not the validity of his methods, and this "is precisely the role of cross-examination"); *Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 601 (S.D. Tex. 2001); *see also United States v. Fullwood,* 342 F.3d 409, 412 (5th Cir. 2003).

Defendant's attacks on Judge's alleged failure to consider the same weather events as Defendant's own expert simply go to weight not admissibility.

The trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Brumley*, 200 F.R.D. at 601 (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*); *see also* S*tevenson v. E.I. DuPont De Nemours and Co.*, 327 F.3d 400, 407 (5th Cir. 2003); *United States v. Vesey*, 338 F.3d 913, 916-17 (8th Cir. 2003) ("The gatekeeper role should not . . . invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence."); *Deputy v. Lehman Bros., Inc.*, 345 F.3d 494, 507 (7th Cir. 2003) (questions regarding the persuasiveness of the expert's testimony have no bearing on Daubert analysis and should be addressed through cross-examination or competing expert testimony); *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1345 (11th Cir. 2003) (alleged flaws in an expert's analysis concern the accuracy of his conclusions, not the validity of his methods, and this "is precisely the role of cross-examination");

*Cummings v. Standard Register Co.*, 265 F.3d 56, 65 (1st Cir. 2002) (any shortcomings in the expert's opinions go "to the weight, not the admissibility, of the testimony").

Defendant's Motion should be denied.

## II.
## ARGUMENTS AND AUTHORITY

A.   **James Maxwell Judge Opinion Is Based on Facts of The Case as Required by Rule 702.**

Defendant appears to argue that Mr. Judge's testimony is unreliable because he failed to consider other potential storm events. That is incorrect, as Judge expressly considered a range of storm dates and concluded "the damage to this property is consistent with the Storm Event dated 3/13/19, to the exclusion of other storm events."  Defendants' Appx. at 9[1].  Maxwell expressly testified the 3/13/19 storm "possessed all of the characteristics to have damaged the roof so that it would require replacement." *Id.* at 45.  Maxwell considered other potential storm dates within at least twelve months of the date reported by the Plaintiff, and he ruled out all other storms and causes.

   1. *Defendant's attacks on Maxwell go to weight, not admissibility*

Defendant's arguments against Mr. Judge's opinions are Defendant's alternative theories of what caused the damage and which storm could have caused the damage. *See generally* Dkt. No. 29 at 10-12 (discussing other storm events as alternative theories of damage that would not be covered under the Policy).

Maxwell expressly testified the 3/13/19 storm caused all of the damages at issue and that storm alone "possessed all of the characteristics to have damaged the roof so that it would require replacement." *Id.* at 45.  Maxwell also testified that he considered things like "heat" and "granule

---

[1] Mr. Judge expects to testify to his expert report at trial. *See* Plaintiff's App. 13.

being lost" but that those factors did not require the roof to be replaced—it was the March 13, 2019 storm alone that caused the damage Maxwell identified in his report. *Id.* at 43. Defendant's expert disagrees, pointing the finger to other potential causes of loss, but those are issues a jury must decide, and exclusion is not the proper means of addressing Defendant's arguments.

The blackletter law states "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Bonner v. ISP Tech., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001) (citation and quotation marks omitted); *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1345 (11th Cir. 2003) (alleged deficiencies in an expert's analysis—such as supposed shortcomings in calculations and inadequacies in studies and reports—are more properly attacked through the well-worn adversarial techniques of cross-examination, presentation of contrary evidence, and competing expert testimony, because such alleged defects go to the weight of the expert's testimony, rather than to its admissibility) (citations omitted).

The role of this Honorable Court is not to do what Defendant asks in this Motion, i.e., assess the correctness of Mr. Judge's opinions, but rather "[t]he judge need only find by a preponderance of the evidence that the expert's reasoning and methodology is scientifically valid." *Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 601 (S.D. Tex. 2001); *see also United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003).

In other words, differences in opinion with an expert's conclusion should not be a basis for exclusion or limitation. Defendant's arguments are factual based argument that goes to an expert's credibility and not methodology because the arguments focus on the factual basis (or supposed lack thereof) on which Mr. Judge forms his opinions. *See Alpizar v. John Christner Trucking, LLC*, No. SA-17-CV-0712-JKP, 2021 WL 4943691, at *3 (W.D. Tex. Oct. 22, 2021)

(reiterating that an argument to exclude based on an expert's use of shaky or unknown facts is insufficient for exclusion).

For example, Defendant argues Mr. Judge never considered a storm before March 13, 2019. Dkt. No. 29 at 10-11. That is false, as Mr. Judge looked at a twelve-month range of dates near the reported March 2019 storm, and eliminated both prior and post-storm events as causes of the damage he witnessed. *See* Defendants' Appx. at 5-6. But even if Defendant was correct (Plaintiff has shown Mr. Judge did in fact consider prior storm dates) this is an attack on an expert's knowledge of facts and not the method he utilized in forming his opinion. If Defendant feels Mr. Judge failed to consider sufficient weather evidence Defendant will have the opportunity to cross-examine him at trial on this *factual* issue. *See Meier v. UHS of Delaware, Inc.*, No. 4:18-CV-00615, 2020 WL 923952, at *4 (E.D. Tex. Feb. 26, 2020) (stating arguments of "opinions [being] based on arbitrary assumptions and not supported by the data" are fact issues that go to credibility).

Therefore, a Rule 702 motion to strike Mr. Judge's expert testimony based on Defendant's counterarguments to Mr. Judge's opinions is not appropriate. *See Lapsley v. Xtek, Inc.*, 689 F.3d 802, 805 (7th Cir. 2012) ("A Daubert inquiry is not designed to have the district judge take the place of the jury to decide ultimate issues of credibility and accuracy.").

**B.  James Maxwell Judge's Methodology is Reliable—It Is Based on Experience, On-Site Observations, Characteristic Comparisons, and A Review of Weather Data.**

As the Court well knows, trial judges perform a "gatekeeping role" with respect to expert testimony by assessing whether such testimony is admissible under Federal Rule of Evidence 702. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–91, 597 (1993). As gatekeeper, courts should readily admit expert testimony where it will assist the trier of fact in understanding the evidence or in determining a fact issue. *Id.* The Daubert standard for admissibility is flexible

and permissive, consistent with the "liberal thrust of the Federal Rules and their general approach of relaxing the traditional barriers to opinion testimony." *Id.* at 588 (internal quotation marks and citation omitted). "[T]he rejection of expert testimony is the exception rather than the rule." FED. R. EVID. 702, advisory committee's notes to 2000 Amendment.

The "focus" of the Daubert inquiry "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. Thus the question is not whether the expert's analysis is perfect, or even correct, but whether it falls outside "the range where experts might reasonably differ." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153 (1999).[2]

"The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (internal quotation marks omitted). Further, expert testimony "does not always have to be based on scientific testing; it can be based on personal experience." *See Kozak v. Medtronic, Inc.*, 512 F. Supp. 2d 913, 918 (S.D. Tex. 2007); *see also TBC-JP-LR, JV v. Allied Prop. & Cas. Ins. Co.*, No. 4:17-CV-131-Y, 2018 WL 10562785, at *4 (N.D. Tex. Sept. 28, 2018); *Patton, et al. v. Metro. Lloyds Ins. Co. of Tex.*, Dkt. No. 27, No. 5:21-CV-074-H, at 12 (N.D. Tex. Feb. 14, 2022). Thus, in conducting the reliability analysis, a court focuses on the reasonableness of the expert's approach regarding the matter to which his testimony is relevant and not on the conclusions generated by the expert's methodology. *Daubert*, 509 U.S. at 595; *Kumho*, 526 U.S. at 153–54.

---

[2] *See also David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012 ("disagreement with underlying assumptions" not grounds for exclusion of expert testimony); *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 660 (7th Cir. 2002) (rejecting exclusion of the "responsible though of course not necessarily correct work of a qualified professional"); *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008) ("The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon reliable foundation, as opposed to, say, unsupported speculation.").

### 1. Mr. Judge's Methodology Has Been Disclosed, Approved by Federal Courts and Is Reliable.

First, as a matter of clarifying Mr. Judge's role as an expert, Mr. Judge has been designated to opine on the cause of the damage to the buildings, if any, to identify the most likely date of the storm if damage is found, and to opine on the reasonable and necessary cost to repair and replace the hail damage at the Property and not which hail storm in particular caused the damage. *See* Defendants' Appx. at 9-10 (Mr. Judge's report discussing property damaged by hail and wind).

Despite complaining that Mr. Judge's methodology is unreliable Defendant offers no comparison to other methodologies or shows that Mr. Judge's methods have been rejected by the scientific community or the courts. *See Valleyview Church of the Nazarene v. Church Mutual Insurance Company*, Dkt. No. 62, No. 2:20-cv-222, at 9–10 (N.D. Tex. Apr. 29, 2022) (denying motion to strike similarly qualified public adjustor and contractor); *Patton*, Dkt. No. 27, No. 5:21-CV-074 at 10–14. This is because Mr. Judge uses the same methodology as other experts that have time and again been upheld by courts in this Circuit. *See, e.g.*, *Gun Barrell Jacksonville LLC v. Depositors Ins. Co.*, No. 6:20-CV-469-JDK, 2021 WL 5154218, at *3 (E.D. Tex. Oct. 9, 2021); *see also J.A. Lanier & Associates, Inc. v. Robbins Electra Mgmt., LLC*, No. 4:21-CV-390, 2022 WL 1226966, at *4 (E.D. Tex. Apr. 26, 2022) (citing *Perez v. City of Austin*, No. A-07-CA-044-AWA, 2008 WL 1990670, at *10 (W.D. Tex. May 5, 2008) ("A witness' experience, studies and education, combined with a review of the relevant materials can provide a reliable basis for expert testimony.").

For example, the *Gun Barrell* Court found Rule 26(a)(2)(B) was satisfied where an expert produced a report with facts and reasoning similar to the report at issue here and in the face of a nearly identical motion to strike. *See Gun Barrell*, 2021 WL 5154218, at *3. Specifically the

court in *Gun Barrel* found the expert's report satisfied Rule 26 because the "report set[] forth a summary of his causation opinion, including that an April 6 'severe storm' produced 0.75-inch hail and high winds and 'more likely than not' caused the damage specified in the estimate. . . . [and] that [the expert] based this opinion on various grounds, including his own 'physical inspection of the property; the Kelly Parker engineering report and exhibits; [the expert's] own experience, knowledge, skill and training; [the expert's] assessment of the property and damage . . .' among others." *Id.*

Similar to in *Gun Barrel*, here Mr. Judge has stated that he personally inspected the property, reviewed "Stormintel reports for wind and hail around the reported date of loss 3/13/2019, [and] the estimate prepared by DR Loss Consultants."  Defendants' Appx. at 4, 7. Based on his inspection and review of the weather data, Mr. Judge noted he discovered "multiple recent hail penetrations consistent with the March 2019 storm event. These penetrations have damaged the Light Weight Laminate Roof system and allowed water to penetrate the roof covering. These storm created openings constitute functional damage and have [shortened the] life span of the roof covering and associated components. *Id.* at 9. Mr. Judge also found evidence of recent wind damage based on the "loose or missing vinyl siding, soffit, and fascia" that he observed.  *Id.* Mr. Judge conducted an interior inspection and likewise found water intrusion consistent with the storm-created openings from the March 2019 storm. *Id.*

Mr. Judge backed up his findings with point-by-point photos of the hail and wind damage to the specific areas he noted in his report, such as:

- wind damage to the fascia:



*Id*. at 14.

- wind and hail damage to the roof shingles:



*Id.* at 18.

- Interior water damage from the storm:




*Id.* at 16.

Mr. Judge described his methodology for inspecting the damage in detail at his deposition. Plaintiff's App. at 4-6 (describing analysis of "bruises," "missing granules" and "depression" in the shingle that can be attributed to hail.) Mr. Judge specifically considered and ruled out other causes, such as "wear and tear, foot traffic, improper installation, and older storm events based on my personal observations…the damage did not appear consistent with any cause other than the March 2019 storm event. Defendants' Appx. at 10; Plaintiff's App. at 7 ("foot traffic…would [not] present that way. It would be a tear and wouldn't cut out a crescent like that. That [damage in the photo] is like a golf ball hit the roof or a hailstone."); *see also* Plaintiff's App. at 8 (discussing heat and ventilation issues).

    **2. Mr. Judge's Same Methodology Has Been Tested and Approved by Courts in this District Before.**

Mr. Judge's methodology is practically identical to his methodology in *Gun Barrel* where he personally inspected the Property, reviewed other reports, estimates, and attachments, and reviewed weather data that correlated with hail damage found at the Property. *See Gun Barrell*, 2021 WL 5154218, at *3.

The exact methodology used by Mr. Judge's is sound and has been approved by the courts in this Circuit many times over and as such, Mr. Judge should not be struck as an expert on this basis. *See Tassin v. Sears, Roebuck and Co.*, 946 F. Supp. 1241, 1248 (M.D. La. 1996) ("If the expert's opinions are based on facts, a reasonable investigation, and traditional technical/mechanical expertise, and he provides a reasonable link between the information and procedures he uses and conclusions he reaches, then rigid compliance with Daubert is not necessary.").

### 3. *The Facts and Data Recorded Support Mr. Judge's Opinion that the March 2019 Hail Storm Was More Likely Than Not the Cause and Are Not Conclusory.*

Defendant's Motion to Strike consists primarily of counterarguments to Mr. Judge's opinions and not his actual methodology or reliability. For example, Defendant claims its experts show other potential storm dates as the real cause of damage. However, Mr. Judge's report, the documents produced, and the documents he reviewed clearly show a strong correlation between the characteristics of the damage and the weather data. *See* Defendants' Appx. at 5-10.

Mr. Judge determined the multiple hail penetrations on the roof were "consistent with the storm event reported on 03/13/2019." Defendants' Appx. at 9, *see also* Defendants' Appx. at 5. Further, Mr. Judge stated that based on the characteristics of the damage he was able conclude the damage was hail. *See* Plaintiff's App. at 7. Mr. Judge further reviewed obvious evidence of such damage and disclosed this in his report. Defendants' Appx. at 7, 12-20.

Based on Mr. Judge's personal inspection of the Property, and finally using his own knowledge and experience, Mr. Judge found there was a strong correlation between the hail damage at the Property and the hail that fell on March 13, 2019 and determined the "damage to this property is consistent with the Storm Event dated 3/13/19." *See* Defendants' Appx. at 9.

Further, Mr. Judge explained that he was able to link the interior water damage to hail damage occurring above the locations of the water damage based on his interior inspection. *See* Plaintiff's App. at 4; Defendants' Appx. at 9 ("said [hail] damage has caused leaks allowing water marks and destructions to the interior"); *id.* ("multiple ceiling stains throughout the building indicat[e] multiple recent roof leaks."). Such evidence aided Mr. Judge in excluding other causes of damage such as normal deterioration or long-term issues. As a result, Mr. Judge obviously could conclude from the type of damage to the roof, the widespread interior leaks, and the fact that such leaks were not isolated that the cause of interior water damage was likely caused by the March 2019 storm event.

Mr. Judge's opinions are closely tied to the facts of the case and as such there is no analytical gap or conclusory opinions has to what caused the damage to the roofs or what is the source of the interior water leaks. In reality, Defendant's criticisms are factual criticisms and therefore are an improper basis to exclude an expert under Rule 702.

### III.
### CONCLUSION

For the foregoing reasons, Defendant's Motion to Exclude Opinions of James Maxwell Judge should be denied in its entirety and James Maxwell Judge should be permitted to testify.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Hilltop Church of the Nazarene, requests Defendant's motion be denied and for such further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Vincent P. Circelli*
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com

**DUGAS, CHEEK & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:     (817) 945-3061
Facsimile:      (682) 219-0761

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2022, a true and correct copy of the foregoing was served on all counsel of record pursuant to Federal Rule of Civil Procedure 5(b), as follows:

**Via E-Serve**
G. Brian Odom
Lindsey P. Bruning
Kiri D. Deonarine
ZELLE LLP
901 Main Street, Suite 4000
Dallas, Texas 75202

**ATTORNEYS FOR DEFENDANT**

*/s/ Vincent P. Circelli*
Vincent P. Circelli