IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HILLTOP CHURCH OF THE NAZARENE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:21-cv-00322-JCB |
| | § § | |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

**DEFENDANT CHURCH MUTAL INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE OPINIONS OF JAMES MAXWELL JUDGE**

Pursuant to Federal Rules of Evidence 104 and 702, Defendant Church Mutual Insurance Company ("Church Mutual") files this Reply in Support of its Motion to Exclude the Opinions of James Maxwell Judge ("Judge").

### I. ARGUMENT AND AUTHORITIES

**1. The Court should exclude Judge's opinions as part of its "gatekeeping" function.**

Church Mutual has not asked the Court to decide what weight to afford to Judge's findings. Instead, Church Mutual asks this Court to conduct the required analysis in furtherance of its gatekeeping function: to make the *preliminary* determination of whether the reasoning or methodology underlying Judge's testimony is scientifically valid and properly applied to the facts in this case.[1] The Court has broad latitude in evaluating the reliability of expert testimony for

---

[1] *Hahn v. United Fire and Casualty Company,* No. 6:15-CV-00218RP, 2017 WL 1289024 (W.D. Tex. April 6, 2017) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993)).

admissibility.[2] Importantly, "[t]he reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et alia."[3] In furtherance of this gatekeeping role, a court must "determine whether the expert considered enough facts, data, or information to make the proffered opinion reliable."[4] The reliability prong requires that expert opinion be grounded in scientific methods and procedures, and that they be more than unsupported speculation or subjective belief.[5]

Church Mutual's Motion does just this, focusing *solely* on the facts underlying Judge's expert opinions and the illogical leap he makes between the actual facts, the assumed facts, and his causation conclusion. Church Mutual asks the Court to examine the validity and sufficiency of the facts and assumptions upon which Judge's opinions are based and make the preliminary determination of whether his opinions are reliable and relevant.

### 2. Judge's opinions are unreliable because they are based on incomplete and insufficient facts or data.

Ultimately, the burden rests with Plaintiff to prove that Judge's opinions are admissible, which it cannot do.[6] While an offering party need not prove that the expert's testimony is correct, it must prove the testimony is reliable.[7] "In short, experts may rely on disputed facts, but not unsubstantiated assertions. An opinion based on 'insufficient, erroneous information,' fails the reliability standard."[8] Further "conclusory opinions are generally not relevant because they "will

---

[2] *CliniComp Int'l, Inc. v. Athenahealth, Inc.*, 507 F. Supp. 3d 774, 777 (W.D. Tex. 2020).
[3] *Graham v. San Antonio Zoological Soc'y*, 261 F. Supp. 3d 711, 728 (W.D. Tex. 2017) (citing *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007)).
[4] *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255-L, 2019 WL 1436659, at *15 (N.D. Tex. Mar. 31, 2019).
[5] *Jacked Up, LLC v. Sara Lee Corp.*, 291 F. Supp. 3d 795, 801 (N.D. Tex. 2018), *aff'd*, No. 3:11-CV-3296-L, 2018 WL 2064126 (N.D. Tex. May 2, 2018) (citation omitted).
[6] *Daubert*, 509 U.S. at 592.
[7] *Thomas v. PFG Transco, Inc.*, 501 F. Supp. 3d 437, 442 (E.D. Tex. 2020) (citing *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)).
[8] *Loy v. Rehab Synergies, LLC*, 558 F. Supp. 3d 402, 409 (S.D. Tex. 2021) (citations omitted).

[not] help the trier of fact to understand the evidence or to determine a fact in issue.'"[9] To that end, an expert witness cannot simply pick a cause of damage most advantageous to his client's claim without considering or eliminating other causes.[10] "Unsubstantiated factual assertions will bar expert testimony, as will 'altered facts and speculation designed to bolster [the proponent's] position.'"[11]

Judge's expert opinions do not provide the Court with a threshold level of reliability, as his opinions are conclusory, unsupported by the data, and lack sufficient analysis. "[His] methodology is inherently flawed because it is based on an inaccurate understanding of key facts, rendering [his opinions] unreliable."[12] Specifically, Judge fails entirely to provide any *reasonable* basis for his conclusion that the alleged damage was caused by a March 13, 2019 hailstorm to the exclusion of other potential causes of loss. Although Plaintiff asserts that Judge "specifically considered and ruled out other causes, such as 'wear and tear, foot traffic, improper installation, and older storm events,'" his opinion is conclusory. Other than generally citing his personal observations, training, and experience, Judge provides no explanation or analysis to explain *how* he ruled out these other causes. Instead, his sole attempt at evaluating other potential causes is a wholly inadequate analysis of "relevant" weather data. As explained in more detail in Church Mutual's Motion to Exclude,

---

[9] *Patton v. Metro Lloyds Ins. Co. of Tex.*, Doc. No. 27, No. 5:21-cv-00074-H, at p. 12 (N.D.Tex. Deb. 14, 2022) (citing Fed. R. Evid. 702, *McLane Co. v. ASG Techs. Grp. Inc*., No. 6:17-CV-00166-ADA-JCM, 2019 WL 590081, at *9–12 (W.D. Tex. Jan. 2, 2019); *Latex Constr. Co. v. Nexus Gas Transmission, LLC*, No. 4:20-CV-01788, 2021 WL 3883626, at *1 (S.D. Tex. July 8, 2021); *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 370–71 (5th Cir. 2016).

[10] *Viterbo v. Dow Chem. Co*., 826 F.2d 420, 424 (5th Cir.1987) ("[A]n unsupported opinion does not serve the purpose for which it is offered, that is, objectively to assist the jury in arriving at its verdict . . . Here, the plaintiff's symptoms could have numerous causes and, without support save plaintiff's oral history, the expert simply picks the cause that is most advantageous to plaintiff's claim . . . Without more than credentials and a subjective opinion, an expert's testimony that "it is so" is not admissible.")).

[11] *United States v. 4.620 Acres of Land, more or less, in Hidalgo Cty., Texas*, No. 7:20-CV-00154, 2021 WL 5999388, at *2 (S.D. Tex. Dec. 20, 2021), *reconsideration denied*, No. 7:20-CV-00154, 2022 WL 214636 (S.D. Tex. Jan. 25, 2022) (citations omitted).

[12] *Bell v. State Farm Lloyds Co.*, No. 4:21-CV-00636-O, 2022 WL 3331284, at *3 (N.D. Tex. May 9, 2022) (citing *Daubert*, 509 U.S. at 593-95; *General Electric Co. v. Joiner*, 522 U.S. 136, 143–44 (1997)).

Judge did not inspect the Property until February 2022—nearly three (3) years after the alleged storm. In selecting the March 13, 2019 date of loss, Judge reasoned that the alleged hail damage was "pretty fresh."[13] But he neglected to look at *any* weather data from December 31, 2019 through the date of his inspection, though he expressly admits that there were significant weather events during that time frame.[14]

Judge also failed to reliably rule out other potential causes of loss, including inadequate venting and excessive heat below the shingles, instead admitting that "[w]e'd have to have an engineer to determine whether the ventilation it has is adequate."[15] Notably, Plaintiff ignores this key issue entirely in its Response, because it has no justification for this failure. Ultimately, Judge did not complete any analysis of other potential causes for the widespread damage, instead stating that he did not "go off on a fishing expedition."[16]

Judge's failure to consider, and rule out, alternative potential causes of the damage at the Property renders his opinions little more than speculation. Interestingly, in its Response, Plaintiff relies upon a case wherein the Northern District Court excluded an expert's conclusory opinion for *exactly* this basis:

> In ruling out "other causes of loss, including foot traffic, wear and tear and installation defect[s]," Stone fails to provide any analysis beyond his bare assertion that they "were considered and ruled out." This is exactly the kind of conclusory assertion forbidden under Rule 702. Nowhere in Stone's report does he explain how he ruled out these other causes.[17]

This Court should similarly exclude Judge's opinions in this case. They are unreliable, not relevant, and will not help the trier of fact understand the evidence or determine a fact in issue.

---

[13] Doc. 29-2, Exhibit 2 to Church Mutual's Motion to Exclude, Judge's Depo. at Appx. p. 41 (p. 41:5-21).
[14] *Id*. Appx. at pp. 47-48 (p. 47:7-48:2).
[15] *Id.* at Appx. p. 43 (p.43:4-6).
[16] *Id.* at Appx. p. 44 (p. 44:6).
[17] *Patton v. Metro Lloyds Ins. Co. of Tex.*, Doc. No. 27, No. 5:21-cv-00074-H, at p. 13 (N.D.Tex. Deb. 14, 2022) (internal citations excluded).

### 3. The allowance of similar expert opinions in other cases does not render Judge's opinions admissible here.

Plaintiff cites several other cases in which other federal courts declined to strike purportedly similar opinions, claiming that because "Judge uses the same methodology," his opinions should be admissible.[18] But, the expert opinions and the basis for them are distinguishable. For example, Plaintiff cites *Valleyview Church of the Nazarene v. Church Mutual*, claiming that the Northern District denied a "motion to strike similarly qualified public adjuster and contractor." Plaintiff's reliance on *Valleyview* is misleading, however, as the challenged expert in that case was a metallurgist, not a "public adjuster and contractor."[19] And the basis for the requested exclusion was dissimilar, Church Mutual arguing the insufficiency of the expert's theory that dents in a metal roof were functional and would affect their life expectancy.[20]

Plaintiff's reliance on this Court's decisions in *Gun Barrell Jacksonville, LLC v. Depositors Ins. Co.*; *Sanson v. Allstate Tex. Lloyds*; and *J.A. Lanier & Associates, Inc. v. Robbins Electra Mgmt.*, is similarly misplaced.[21] First, *Sanson* is irrelevant because the issue in that case was the timeliness of Judge's expert designation – Judge's opinions and their reliability were not evaluated.[22] In *Gun Barrell Jacksonville*, Judge's causation opinions were found to be sufficiently reliable.[23] But, notably, his opinions were based on his analysis of an expert engineering report regarding causation,[24] which is not present in this case, despite Judge's admission that an engineering analysis would be necessary to rule out widespread granule loss due to inadequate ventilation and excessive heat.[25] Finally, in *J.A. Lanier & Associates, Inc. v. Robbins Electra Mgmt., LLC,* this Court declined to strike an expert's opinion, finding that the factual basis for his opinions was sufficient.[26] But in that case, the expert had based his opinions on photos before and after the

---

[18] Doc. 32, Plaintiff's Response, at p. 7.
[19] *Valleyview Church of the Nazarene v. Church Mutual Ins. Co.,* Doc. No. 62, 2:20-cv-222 (N.D. Tex. Apr. 29, 2022).
[20] *Id.*
[21] Plaintiff's Response, pp. 1, 7.
[22] *Sanson v. Allstate Tex. Lloyds*, No. 4:17-CV-00733, 2018 WL 4253766, at *5 (E.D. Tex. Sept. 6, 2018).
[23] *Gun Barrell Jacksonville LLC v. Depositors Ins. Co.*, No. 6:20-CV-469-JDK, 2021 WL 5154218, at *3 (E.D. Tex. Oct. 9, 2021).
[24] *Id.*
[25] Doc. 29 at p. 13.
[26] *J.A. Lanier & Associates, Inc. v. Robbins Electra Mgmt., LLC*, No. 4:21-CV-390, 2022 WL 1226966, at *3 (E.D. Tex. Apr. 26, 2022)

alleged date of loss as well as relevant weather data from multiple sources spanning from 2011 through the date(s) of his inspection.[27] Unlike the expert in *J.A. Lanier,* Judge did not collect or evaluate photographs from before and after the date or loss, or **all** relevant weather data from before and after 2019.

## II.   CONCLUSION

For the reasons set forth in the Motion to Exclude and herein, Church Mutual respectfully requests that its Motion to Exclude Opinions of James Maxwell Judge be granted in its entirety, and his opinions should be excluded as unreliable under Rule 702.

---

[27]   *Id.*; *see also* <u>Exhibit 5</u>, Relevant portions of Treider Report at issue in *J.A. Lanier & Associates, Inc. v. Robbins Electra Mgmt, LLC*, submitted as Exhibit A-1 to Plaintiff's Response to Defendants' Opposed Motion to Exclude Gary B. Treider as an Expert and Strike his Report.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Lindsey P. Bruning*
    G. Brian Odom
    State Bar No. 50511840
    bodom@zellelaw.com
    Lindsey P. Bruning
    State Bar No. 24064967
    lbruning@zellelaw.com
    Kiri D. Deonarine
    State Bar No. 24105298
    kdeonarine@zellelaw.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:     214-742-3000
Facsimile:     214-760-8994

**ATTORNEYS FOR DEFENDANT CHURCH MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    A true and correct copy of the foregoing has been served on the following counsel of record in accordance with FEDERAL RULES OF CIVIL PROCEDURE on this 29th day of August, 2022:

>Preston J. Dugas III
>State Bar No. 24050189
>pdugas@dcclawfirm.com
>Vincent P. Circelli
>State Bar No. 24058804
>vcircelli@dcclawfirm.com
>Kelli L. Walter
>State Bar No. 24074576
>kwalter@dcclawfirm.com
>**DUGAS, CHEEK & CIRCELLI, PLLC**
>1701 River Run, Suite 703
>Fort Worth, TX 76107
>Telephone:     817-945-3061
>Facsimile:     682-219-0761
>
>**ATTORNEYS FOR PLAINTIFF**

                                            */s/ Lindsey P. Bruning*
                                                 Lindsey P. Bruning