IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HILLTOP CHURCH OF THE NAZARENE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:21-CV-00322-JCB |
| | § § | |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § | |
| Defendant. | § § | |

**DEFENDANT CHURCH MUTUAL INSURANCE COMPANY'S
REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Church Mutual Insurance Company ("Church Mutual") files this Reply Brief in Support of its Motion for Summary Judgment and would respectfully show as follows:

### I. SUMMARY OF REPLY

Hilltop Church of the Nazarene ("Hilltop") attempts to create fact issues that are simply not present in this case. The focus here is not whether Hilltop presented evidence attributing all claimed damage to a covered loss but, rather, because there is evidence of covered and non-covered or excluded damage to the Property, whether Hilltop has presented evidence segregating its damages between covered and non-covered, or excluded, causes of loss. Specifically, the issue is whether Hilltop has met its burden to allocate those damages covered by the Policy (hail/wind on or about the date of loss) from the damages that are not covered (wear and tear, deterioration, continuous or repeated seepage or leakage of water, and faulty, inadequate, or defective workmanship, repair, construction, or maintenance). Hilltop has not.

In support of its Motion for Summary Judgment, Church Mutual presented significant evidence of wear and tear, age-related deterioration, faulty or inadequate repair, construction, or renovation, and multiple weather events at the Property – evidence present in <u>all</u> the expert reports relating to the instant claim and litigation. Even Hilltop's expert, James Maxwell Judge found evidence of aging shingles and damage that occurred from a previous storm. And Hilltop's consultant, Anayo Onyi with Stonewater Roofing, reported at least five additional severe storms at the Property, which have required additional repairs since the date of loss. Because there is evidence non-covered damage to the Property, and Hilltop has presented evidence of allegedly covered damage that occurred during the policy period, Hilltop must present evidence affording a reasonable basis on which to allocate the damage.

Hilltop has not provided any evidence - through fact witnesses or expert analysis - that would allow a fact finder to allocate damage between such excluded and/or non-covered causes of loss and hail/wind damage resulting from the reported March 13, 2019, date of loss. Church Mutual is therefore entitled to summary judgment on Hilltop's breach-of-contract claim.

Because Hilltop's breach-of-contract cause of action fails as a matter of law, and because it has not suffered any injury independent of its claim for policy benefits, its extra-contractual claims also fail as a matter of law. Church Mutual is therefore entitled to summary judgment on Hilltop's extra-contractual claims.

## II.  **ARGUMENT AND AUTHORITY**

**A.**   **Because Hilltop failed to show that all claimed damages were caused by the March 13, 2019 storm and failed to presented evidence segregating its damages between the covered and non-covered, or excluded, causes of loss, Hilltop's breach-of-contract claim fails.**

Hilltop improperly attempts to shift this Court's focus to an assertion that the damage at the Property was *entirely* due to the March 13, 2019 storm. But Hilltop has not and cannot show that all the damage to the Property was caused by a single covered event. Consequently, Hilltop

must segregate the damage attributable solely to the covered event from those attributable to non-covered or excluded causes of loss.[1] Because Hilltop failed to present evidence segregating its damages, Hilltop's breach-of-contract claim fails as a matter of law.

Church Mutual has provided substantial evidence of excluded or non-covered damage to the Property. As such, the doctrine of concurrent causation applies and shifts the burden to Hilltop to provide evidence allowing the factfinder to allocate those damages. The question the Court must decide is whether Hilltop has met its burden to allocate those damages covered by its Policy (hail/wind on or about the date of loss) from the damages that are not covered, which Church Mutual contends it has not.

1. **The damage to the Property was not entirely caused by the March 13, 2019 storm.**

Church Mutual's engineer, Daniel J. Hillner, P.E., concluded that the widespread, large-scale granule loss on the roof at the Property was a result of excess heat below the shingles caused by inadequate venting (i.e. faulty or inadequate repair, construction, or renovation).[2] Hilltop's causation and damages expert, James Maxwell Judge ("Judge"), never addressed this topic in his Report,[3] instead admitting in his deposition that he could not refute such conclusion: "We'd have to have an engineer to determine whether the ventilation it has is adequate . . . ."[4] Hillner also concluded that the shingles on the roof at the Property had reached the end of their

---

[1] *See Wallis v. United Servs. Auto. Ass'n,* 2 S.W.3d 300, 303 (Tex. App.—San Antonio, 1999, pet. denied) (citing *Telepak v. United Servs. Auto. Ass'n*, 887 S.W.2d 506, 507–08 (Tex. App.—San Antonio 1994, writ denied)); *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 198 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

[2] Doc. 30-7, Exhibit G to Church Mutual's Motion for Summary Judgment, EFI Global Report.

[3] Doc. 30-9, Exhibit I to Church Mutual's Motion for Summary Judgment, Judge Report, at Appx. pp. 115-48.

[4] Doc. 30-11, Exhibit K to Church Mutual's Motion for Summary Judgment, May 26, 2022 Deposition of James Maxwell Judge ("Judge Depo.") at Appx. p. 173 (p.43:4-6).

service life and that the granule loss was not consistent with hail damage.[5] Plaintiff's expert, Judge, similarly admitted that the roof had lost granules as a result of age, stating that it's "going to lose granules over time,"[6] and further explaining, "[t]hat's just a natural process of the aging of the shingles."[7] Consequently, there is evidence of contributing causes of loss, including wear and tear, deterioration, and faulty or inadequate repair, construction, or renovation that occurred at the Property, due to the natural-aging process of the shingles on the roof at the Property that are nearing the end of their service life, along with inadequate venting of the shingles.

Additionally, the Property indisputably experienced weather events both before and after the claimed March 13, 2019 date of loss. To that end, Hillner pointed out that "[m]ultiple high wind events have occurred, both prior to and following the date of loss."[8] Hillner further noted that "[i]t is not reasonable to conclude that all wind damage to the building occurred on the date of loss."[9] Notably, although Judge opines that all damage to the Property—including full replacement of roof, vinyl siding, fascia, and soffit, and interior water damage—is solely due to the March 13, 2019 storm,[10] his testimony suggests otherwise. Instead, Judge admitted that there was some damage at the Property that likely occurred from a previous storm before the roof was last replaced:

> A: …You've got the [turbines], the appurtenance – appurtenances, the

---

[5] Doc. 30-7, Exhibit G to Church Mutual's Motion for Summary Judgment, EFI Global Report.

[6] Doc. 30-11, Exhibit K to Church Mutual's Motion for Summary Judgment, Judge Depo. at Appx. p. 173 (p. 43:14-15).

[7] *Id.*

[8] Doc 30-10, Exhibit J to Church Mutual's Motion for Summary Judgment, EFI Supplemental Report, at Appx. pp. 150-63.

[9] *Id.*

[10] Doc. 30-9, Exhibit I to Church Mutual's Motion for Summary Judgment, Judge Report at Appx. p. 123-24.

> [turbines] and the vents, and they've had hail damage, and, you know, some of that may be from a prior storm. But the [turbines] look like they're pretty fresh and would be attributed to this storm.
>
> Q: How can you tell if it's fresh versus – or in your terms, "pretty fresh"? How would you tell?
>
> A: Okay. We can lower that a little bit and look at the [turbine] versus the – the number. That's a 550 low-profile vent. We've got quite a bit of hail damage on that, and I would assume that maybe the roof had been replaced prior and they didn't replace that vent. The vent seems to be functional, but then we've only got one hail indentation on the [turbine]. So it would indicate to me that the [turbine] was put on when the roof was last replaced, but not the 550 vent. That would be my assumption. [11]

Furthermore, Hilltop's consultant, Anayo Onyi with Stonewater Roofing, first inspected the Property in the summer of 2019 and reports at least <u>five</u> additional severe storms at the Property since his first inspection with the most recent storm reportedly occurring in January or February of 2022.[12] With each storm, Onyi testified that he performed additional repair work at the Property.[13] Notably, Judge did not even inspect the Property until February 18, 2022—almost three years after the reported date of loss, and after all five of the severe storms identified by Onyi.[14]

Because the evidence – from both parties' experts and consultants – conclusively establishes at least some evidence of wear and tear, deterioration, faulty or inadequate repair, construction, or renovation, and multiple other storm dates, the damage claimed by Hilltop was not *entirely* caused by the March 13, 2019 storm. By "providing competent summary judgment

---

[11] Doc. 30-11, <u>Exhibit K</u> to Church Mutual's Motion for Summary Judgment, Judge Depo. at Appx. p. 171 (p. 41:5-21).

[12] Doc. 30-12, <u>Exhibit L</u> to Church Mutual's Motion for Summary Judgment, May 6, 2022 Deposition of Anayo Onyi ("Onyi Depo."), at Appx. pp. 192, 194-95 (p. 25:13-14; 40:23-41:23).

[13] *Id.* at Appx p. 199 (p. 45:14-18).

[14] Doc. 30-9, <u>Exhibit I</u> to Church Mutual's Motion for Summary Judgment, Judge Report at Appx. p. 116.

evidence that a non-covered source could also have caused the claimed damage thereby placing on the insured the burden of establishing evidence to allow the jury to segregate covered losses from non-covered losses," Church Mutual has invoked the doctrine of concurrent causation.[15] The burden has accordingly shifted to Hilltop to provide evidence to allow the factfinder to segregate covered loss from non-covered loss.[16]

      **2.**      **Courts' application of the doctrine of concurrent causation supports summary judgment in this case.**

Hilltop has not met its burden to segregate damage attributable solely to the covered hail/wind event from excluded or non-covered causes of loss. In fact, it does not even try to do so. To support its position, Hilltop cites a 2019 case out of the Northern District, *General Trade, Inc. v. Ohio Security Insurance Co.*[17] Interestingly, the Court in *General Trade* originally agreed that the insured had failed to meet its burden to allocate damage between multiple potential dates of loss under a straightforward application of the doctrine of concurrent causation.[18] The Court upheld its legal findings, only reversing the summary judgment ruling upon reconsideration of newly discovered facts in evidence—namely deposition testimony of first-hand evidence that the roof did not show signs of hail damage prior to the storm in question.[19] No such evidence exists in this case. Additionally, Hilltop's reliance on *Southland* is misplaced. In *Southland Loyds Insurance Co. v. Cantu,* the San Antonio Court of Appeals upheld a jury verdict for coverage

---

[15] *See, e.g., Prime Time Family Entm't Ctr., Inc. v. AXIS Ins. Co.*, 630 S.W.3d 226, 231 (Tex. App.—Eastland 2020, no pet.) (citing *Tex. Windstorm Ins. Ass'n v. Dickinson Indep. Sch. Dist.,* 561 S.W.3d 263, 273 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *Atwill v. State Farm Lloyds*, No. CIV.A. 304CV1343-K, 2006 WL 1118155, at *2 (N.D. Tex. Apr. 27, 2006)).

[16] *Id.*

[17] No. 3:18-CV-0434-K, 2019 WL 3716427 (N.D. Tex. Aug. 6, 2019).

[18] *Id.* at *4-5.

[19] *Id.* at *5-6.

despite arguments regarding the doctrine of concurrent causation.[20] But, importantly, in *Southland,* "the jury was not presented with other possible excluded perils."[21]

More akin to the facts in this case, Northern District Court Judge Jane Boyle granted summary judgment for the carrier in *Frymire Home Services, Inc. v. Ohio Security Ins. Co.*, holding that the insured had failed to meet its burden of proof to segregate damages for covered and non-covered losses.[22] Importantly, Judge Boyle reasoned:

> Despite acknowledging that "the roof may have possibly had some [preexisting] damage" when the June 2018 storm occurred, Plaintiffs fail to submit any evidence enabling a jury to estimate the amount of damage caused by the June 2018 storm versus a non-covered loss.[23]

As in *Frymire,* here, Church Mutual has presented evidence of other possible excluded perils. The case law, even those cases cited by Hilltop in its Response, support Church Mutual's

---

[20] 399 S.W.3d 558, 575-76 (Tex.App.—San Antonio 2011, pet. denied).

[21] *Id.* at 575.

[22] No. 3:19-CV-1938-B, 2020 WL 7259335, at *3 (N.D. Tex. Dec. 10, 2020). The *Frymire* decision was appealed and the Fifth Circuit certified questions to the Texas Supreme Court, requesting that the Court clarify the application of the concurrent causation doctrine. *Frymire Home Services, Inc. v. Ohio Sec. Ins. Co.*, 12 F.4th 467, 470 (5th Cir. 2021), *certified question accepted* (Sept. 10, 2021), *certified question dismissed* (Dec. 3, 2021). The case was settled before the Texas Supreme Court ruled. *Id.* Accordingly, the rules adopted in *Frymire* remain good law, and are consistent with well-established law regarding the application of the doctrine of concurrent causation under Texas law. *JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 608 (Tex. 2015); *Prime Time Family Entm't Ctr. v. Axis Ins. Co.*, No. 11-18-00241-CV, 2020 WL 6108263 (Tex. App.—Eastland Oct. 16, 2020 no pet.); *Starco Impex, Inc. v. Landmark Am. Ins. Co.*, No. 1:19-CV-39, 2020 WL 3442842, at *5 (E.D. Tex. June 3, 2020), *report and recommendation adopted,* No. 1:19-CV-39, 2020 WL 3440575 (E.D. Tex. June 23, 2020); *Hamilton Properties v. Am. Ins. Co.*, 643 F. App'x 437, 442 (5th Cir. 2016); *Seahawk Liquidating Trust v. Certain Underwriters at Lloyds London,* 810 F.3d 986, 995-96 (5th Cir. 2016); *All Saints Catholic Church v. United Nat'l Ins. Co.,* 257 S.W.3d 800, 802 (Tex. App.—Dallas 2008, no pet.); *State Farm Lloyds v. Kaip,* No. 05-99-01363-CV, 2001 WL 670497, at *1, 3 (Tex. App.—Dallas June 15, 2001, pet. denied) (mem. op); *Wallis v. United Services Auto Ass'n,* 2 S.W.3d 300, 303 (Tex. App.—San Antonio, 1999, pet. denied).

[23] *Id.*

7

position. Hilltop has not met its burden of proof under the doctrine of concurrent causation, and its claim for breach of contract accordingly fails as a matter of law.

### B. Hilltop's extracontractual claims fail because it cannot show a right to receive benefits under the Policy.

Hilltop's extracontractual claims fail as a matter of law for the reasons outlined in *Menchaca* – because it cannot show a right to receive benefits under the Policy *and* it has not alleged or shown an independent injury.[24] For the reasons outlined above, Hilltop is not entitled to receive benefits under the policy and its breach-of-contract claim accordingly fails as a matter of law. As such, Hilltop's extracontractual claims can survive only if it can prove an independant injury. But Hilltop's only alleged damages "'are predicated on,' 'flow from,' or 'stem from' policy benefits."[25] Notably, Hilltop does not even attempt to show an independant injury, because it cannot. Accordingly, Hilltop's extracontractual claims also fail as a matter of law.[26]

Even if its breach-of-contract claim survives, Church Mutual seeks summary judgment on Hilltop's extracontractual claims because, at the very least, there is a *bona fide* coverage dispute. Here, Church Mutual performed a reasonable investigation of the loss, relied on its engineering expert when assessing Hilltop's claim, and paid Hilltop accordingly. There are no facts evidencing an unreasonable investigation. Hilltop's attempt to create such evidence through its contentions that Mike Hickey's October 1, 2019 Loss Report was a misrepresentation to Hilltop that the Property was in "good overall condition and well maintained" is misplaced. The report said that the "*building* [was in] good overall condition and well maintained."[27] But the

---

[24] *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018).

[25] *Id.* at 500.

[26] *Id.*

[27] Doc. 30-2, Exhibit B to Church Mutual's Motion for Summary Judgment, October 1, 2019 Loss Report, at Appx. p. 17.

report also noted wind damage to the left slope of the roof and hail damage to the soft metal, screens, and guttering and discussed a tarped area of shingle damage, though pointing out that there was no visible hail damage to the shingles.[28] While Hilltop claims that the adjuster acknowledged that "replacement of the roofing system was appropriate due to the state of the roof,"[29] it does not cite to any admissible evidence in the record. Accordingly, its statement is not adequately supported and cannot defeat summary judgment here. Further, Hickey's notes are not contradictory to Hillner's findings, Hillner's report is simply more detailed.[30] Church Mutual denied coverage for replacement of the roof on April 30, 2020, relying on *both* Hickey's initial findings and Hillner's more detailed report.[31]

Ultimately, Hilltop's claims, at best, constitute a *bona fide* coverage dispute. Accordingly, summary judgment on Hilltop's claims for violations of the Texas Insurance Code, the DTPA, and the common law duty of good faith and fair dealing is warranted.

### III. CONCLUSION AND PRAYER

For the reasons stated above, Defendant Church Mutual Insurance Company prays that the Court grant Defendant's Motion for Summary Judgment in its entirety, and for any and all such other and further relief to which Defendant may be justly entitled.

---

[28] *Id.*

[29] Doc. 34, Plaintiff's Response and Brief in Opposition to Defendant's Motion for Summary Judgment p. 9.

[30] Doc. 30-7, Exhibit G to Church Mutual's Motion for Summary Judgment, EFI Global Report.

[31] Doc. 30-8, Exhibit H to Church Mutual's Motion for Summary Judgment, April 30, 2020 Denial Letter, at Appx. pp. 111-13.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Lindsey P. Bruning*
    G. Brian Odom
    State Bar No. 50511840
    bodom@zellelaw.com
    Lindsey P. Bruning
    State Bar No. 24064967
    lbruning@zellelaw.com
    Kiri D. Deonarine
    State Bar No. 24105298
    kdeonarine@zellelaw.com

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:   214-742-3000
Facsimile:   214-760-8994

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing has been served on the following counsel of record in accordance with FEDERAL RULES OF CIVIL PROCEDURE on this 6th day of September, 2022:

Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Kelli L. Walter
State Bar No. 24074576
kwalter@dcclawfirm.com
**DUGAS, CHEEK & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, TX 76107
Telephone: 817-945-3061
Facsimile: 682-219-0761
**ATTORNEYS FOR PLAINTIFF**

    */s/ Lindsey P. Bruning*
    Lindsey P. Bruning