IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HILLTOP CHURCH OF THE NAZARENE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:21-CV-00322-JCB |
| | § | |
| CHURCH MUTUAL INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**ORDER ON DEFENDANT CHURCH MUTUAL INSURANCE COMPANY'S MOTION IN LIMINE**

Before the Court is Defendant Church Mutual Insurance Company's Motion in *Limine* in the above-referenced matter. Having considered the pleadings and applicable law, the Court HEREBY ORDERS that Defendant Church Mutual Insurance Company's Motion in *Limine* is Granted or Denied as follows:

IT IS HEREBY ORDERED that Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses shall refrain from making any mention whatsoever, direct or indirect, or allusion to, or interrogation on, any of the matters AGREED and/or GRANTED, as set forth below, without first approaching the bench, and obtaining a ruling, out of the hearing and presence of the jury, regarding the admissibility of the matters referred to.

1. Any reference to settlement negotiations or discussions between Plaintiff and Church Mutual. FED. R. EVID. 408; *Affiliated Mfrs., Inc. v. Aluminum Co. of America, 56 F.3d 521, 526-30 (3d Cir. 1995).*

| Agreed | ______ | ______ |
|---|---|---|
| AGREED | GRANTED | DENIED |

2. Any reference to a statement (or statements) made by Plaintiff, Church Mutual, or their respective counsel during settlement negotiations or discussions. FED. R. EVID. 408.

| Agreed | | |
|---|---|---|
| AGREED | GRANTED | DENIED |

3. Any mention that Church Mutual is (or was) involved in other lawsuits. This includes, but is not limited to, any reference to or allegation of damages sustained by persons not parties to this lawsuit, the results of any insurance claim submitted by persons other than Plaintiff, or other claims submitted by Plaintiff as a result of another claim or transaction with Church Mutual. FED. R. EVID. 401; FED. R. EVID. 403. The actions of Church Mutual addressing other claims have no relevance to the actions of Church Mutual with regard to Plaintiff's claim at issue. FED. R. EVID. 401; FED. R. EVID. 403. Any such statements or testimony are inherently prejudicial to the extent it may confuse the jury and significantly increase the likelihood that the jury decides this case on an improper basis. FED. R. EVID. 403.

AGREED GRANTED DENIED

4. To further instruct counsel for Plaintiff, Plaintiff's witnesses and Plaintiff are not to mention, suggest, or place before the jury any propensity evidence of Church Mutual. This refers specifically to, but is not limited to, any mention of the conduct of the Church Mutual in the handling of other insurance claims. FED. R. EVID. 402; FED. R. EVID. 403; FED. R. EVID. 404. Church Mutual's prior acts and transactions with third parties are irrelevant, immaterial and highly prejudicial, as are any reference to Church Mutual's prior acts and transactions with Plaintiff in any claims that are not specifically pleaded as the basis for Plaintiff's causes of action in this present lawsuit.

AGREED GRANTED DENIED

5. Any suggestion to the effect that a juror should place himself or herself in the position of Plaintiff in determining the amount of recovery Plaintiff should receive, if any; for example - "Which of you would trade places with the Plaintiff for any amount of money?" -- or words of similar effect. *Brown v Parker Drilling Offshore Corp.,* 410 F.3d 166, 180 (5th Cir. 2005) (appeal to the jury to put themselves in plaintiff's place was improper); *Whitehead v Food Max of Mississippi, Inc.,* 163 F.3d 265, 278 (5th Cir. 1998) (same).

AGREED GRANTED DENIED

6. Any reference to or any attempt to offer into evidence any document requested by Church Mutual in discovery that was not provided to Church Mutual by Plaintiff. FED. R. CIV. P. 26.

| Agreed | | |
|---|---|---|
| AGREED | GRANTED | DENIED |

7. Any reference to or any attempt to offer into evidence any document or testimony relating to alleged damage to the property made the basis of this lawsuit, specifically including alleged interior damage and steeple damage, that was not previously provided to Church Mutual by Plaintiff during the course of the adjustment of the claim and/or in this litigation. FED. R. CIV. P. 26.

| Agreed | | |
|---|---|---|
| AGREED | GRANTED | DENIED |

8. Any reference to the contents of any document or writing which has not been properly authenticated and admitted into evidence. FED. R. EVID. 901(A); FED. R. EVID. 1002.

AGREED GRANTED DENIED

9. Any attempt to elicit testimony from Church Mutual regarding communications with its lawyers. Such communications are privileged.

| Agreed | | |
|---|---|---|
| AGREED | GRANTED | DENIED |

10. Any reference to this Motion in Limine or to any ruling by the Court in response to this Motion. Such references are not only irrelevant but inherently prejudicial in that they suggest or infer that Church Mutual has sought to exclude proof of matters damaging to Church Mutual's case. FED. R. EVID. 401; FED. R. EVID. 403.

AGREED GRANTED DENIED

11. Any reference or testimony by Plaintiff, any witnesses, or its attorneys regarding any previous rulings made by the Court in this case including, but not limited to, any mention of the Court's rulings on any pre-trial motions. FED. R. EVID. 401; FED. R. EVID. 403.

AGREED GRANTED DENIED

12. Any attempt to request Church Mutual's attorneys to produce documents, stipulate to any facts, or to make any agreement in the presence of the jury.

| _Agreed_______ | _________ | _________ |
|---|---|---|
| AGREED | GRANTED | DENIED |

13. Any attempt to request Church Mutual's attorneys to stipulate to the admissibility of a document in the presence of the jury.

| _Agreed_______ | _________ | _________ |
|---|---|---|
| AGREED | GRANTED | DENIED |

14. Any reference to Church Mutual's loss reserves for the insurance claim made the basis of Plaintiff's allegations against Church Mutual in this lawsuit. FED. R. EVID. 401; FED. R. EVID. 403; *In re Am. Home Assur. Co.*, 88 S.W.3d 370, 377 (Tex. App.—Texarkana 2002, orig. proceeding) (holding that documents and deposition testimony regarding loss reserves "[was] not admissible and would not lead to the discovery of admissible evidence").

| _________ | _________ | _________ |
|---|---|---|
| AGREED | GRANTED | DENIED |

15. Any testimony Plaintiff has paid insurance premiums for several years, since the payment of insurance premiums is not an issue in this case and any mention of the payment of insurance premiums by the Plaintiff is designed to have the jury decide the case based on prohibited issues such as sympathy, bias, or prejudice. FED. R. EVID. 402 and 403. At the very least, the probative value of any mention of the payment of insurance premiums by Plaintiff for several years is outweighed by its undue prejudice, confusion of the issues, or misleading of the jury. *Id.*

| _________ | _________ | _________ |
|---|---|---|
| AGREED | GRANTED | DENIED |

16. The Court should prohibit any testifying expert retained by any party from giving legal opinions regarding coverage under the applicable insurance policy or contradicting the Court's interpretation of the policy's coverage. Legal conclusions or statements of advocacy do not assist the fact-finder. *Snap–Drape, Inc. v. Comm'r of Internal Revenue*, 98 F.3d 194, 197–98 (5th Cir.1996). Moreover, despite its permissive language, Rule 704 "does not allow an expert to render conclusions of law." *Id.* Therefore, the opinions of an expert witness on the meaning of contractual provisions are irrelevant and inadmissible. *American Home Assur. Co. v. Cat Tech, L.L.C.*, 717 F.Supp.2d 672 (S.D. Tex. 2010), *rev'd on other grnds.*, 660 F.3d 216 (5th Cir. 2011);

*Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, LLC*, 620 F.3d 558, 562 (5th Cir. 2010); *Stallion Heavy Haulers, LP v. Lincoln Gen'l Ins. Co.*, No. SA-09-CA-0317-FB, 2011 WL 130154 (W.D. Tex. Jan. 13, 2011).

| ________ AGREED | ________ GRANTED | ________ DENIED |
|---|---|---|

17. Any statement of the law applicable to this case, including (without limitation) any statement or testimony regarding the nature and/or scope of any duty imposed by statute or common law, other than that regarding the applicable burden of proof. Such statements or testimony constitute an impermissible legal conclusion and invade the province of the Court. FED. R. EVID. 702. *Humble Sand & Gravel, Inc. v. Gomez,* 146 S.W.3d 170, 181-82 (Tex. 2004) ("It is firmly established in Texas that the existence and elements of a common law duty are ordinarily legal issues for the court to decide . . . ."). Any such statements or testimony are inherently prejudicial to the extent it may confuse the jury and significantly increase the likelihood that the jury decides this case on an improper basis. FED. R. EVID. 403.

| ________ AGREED | ________ GRANTED | ________ DENIED |
|---|---|---|

18. Any comment by Plaintiff's attorneys that informs the jury of the effect of its answers to the questions in the jury charge.

| ________ AGREED | ________ GRANTED | ________ DENIED |
|---|---|---|

19. Any reference that there is or may be additional evidence not before the jury which bears on the case.

| ________ AGREED | ________ GRANTED | ________ DENIED |
|---|---|---|

20. The calling of any witness or offering of any testimony of a witness unless such witness has been previously identified in response to discovery or to disclosures and in accordance with the deadlines in the Court's Scheduling Order and/or Pre-Trial Order. FED. R. CIV. P. 26.

| ________ AGREED | ________ GRANTED | ________ DENIED |
|---|---|---|

21. Any mention of Church Mutual's failure to call a witness that is equally available to both parties. *Johnson v. Richardson*, 701 F.2d 753 (8th Cir. 1983).

| __Agreed____ AGREED | ________ GRANTED | ________ DENIED |
|---|---|---|

22. Any evidence or testimony by any expert witness of Plaintiff that is outside the scope of the expert's written reports, or opinions produced during discovery or contained in the expert's Rule 26(a)(2) disclosures. *Thudium v. Allied Prods. Corp.*, 36 F.3d 767, 769-79 (8th Cir. 1994); Fed. R. Civ. P. 26(a)(2).

________ AGREED     ________ GRANTED     ________ DENIED

23. Any evidence or testimony by any witness asserting that Church Mutual's investigation of the claim was "unreasonable" in light of industry practices. Plaintiff has not designated an expert capable of testifying on the issue of industry practices for evaluating wind and/or hail damage claims and therefore, cannot testify to whether Church Mutual was acting in compliance with industry practice. *See Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Grp.*, 343 F. Supp. 2d 989, 1015 (D. Kan. 2004) (requiring a qualified expert to testify to issues regarding insurance industry practices and conformance to those practices).

________ AGREED     ________ GRANTED     ________ DENIED

24. Any evidence or testimony by any witness asserting that Church Mutual or any of its representatives acted in bad faith as Plaintiff has not designated an expert capable of testifying on the issue. The jury is qualified to apply the facts regarding the investigation performed, the insurance policy at issue, and the applicable law to determine whether Church Mutual acted in good faith. *See Crow v. United Ben. Life Ins. Co.*, No. CIV. A. 3:00CV1375G, 2001 WL 285231, at *3 (N.D. Tex. Mar. 16, 2001) (excluding expert witness testimony that impermissibly attempted to define the law and usurp the jury's role by applying the law to the facts on whether an insurer engaged in conduct constituting a breach of the duty of good faith and fair dealing.).

________ AGREED     ________ GRANTED     ________ DENIED

25. Any evidence or testimony by any witness asserting that Church Mutual's coverage determination was unreasonable in light of the circumstances then available as Plaintiff has not designated an expert capable of testifying on the issue. The jury is qualified to apply the facts regarding the investigation performed, the insurance policy at issue, and the applicable law to determine whether the coverage decision was appropriate. *See Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 410 F. Supp. 2d 417, 421 (W.D. Pa. 2006) (excluding expert witness testimony that attempted to testify to impermissible legal conclusion on whether coverage applied under the policy and to the ultimate conclusion of whether an act or omission was reasonable or in bad faith).

________ AGREED     ________ GRANTED     ________ DENIED

26. Any opinions of James Maxwell Judge regarding the cause of Plaintiff's property damage because his opinions fail to meet the reliability standards required by Rule 702 and the Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592−93 (1993) and for the reasons stated in Church Mutual's Motion to Exclude Opinions of James Maxwell Judge. [Doc. 29]

| _________ AGREED | _________ GRANTED | _________ DENIED |
|---|---|---|

27. Any mention from Plaintiff's counsel regarding their personal opinion about the credibility of any witness.

| _________ AGREED | _________ GRANTED | _________ DENIED |
|---|---|---|

28. Any reference to the net worth, assets, size, power or other indicia of the financial status of Church Mutual, or any similar comment that may draw upon the prejudices of the jury toward Church Mutual, including the number of attorneys who may be representing Church Mutual in this lawsuit or the law firm retained to defend Church Mutual in this action, or characterizing any of Church Mutual's counsel as being from a "defense firm" or similar.

| _________ AGREED | _________ GRANTED | _________ DENIED |
|---|---|---|

29. Any comment or reference to Church Mutual as a "foreign" business entity, "out-of-state" business entity, or any similar comment that may draw upon the prejudices of the jury toward Church Mutual's state of corporate citizenship.

| _________ AGREED | _________ GRANTED | _________ DENIED |
|---|---|---|