UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| HILLTOP CHURCH OF THE NAZARENE, §<br>  *Plaintiff*, §<br> §<br>vs. §<br> §<br>CHURCH MUTUAL INSURANCE §<br>COMPANY §<br>  *Defendant*. § | CIVIL ACTION NO. 6:21-CV-00322-JCB |

## PLAINTIFF'S MOTION IN LIMINE

TO THE HONORABLE JUDGE:

COMES NOW HILLTOP CHURCH OF THE NAZARENE ("Plaintiff"), Plaintiff in the above-entitled and numbered cause, and prior to the calling of this case for trial, and before voir dire examination of the jury panel has begun, files this Motion in Limine and respectfully moves the Court to order as follows:

I.

That Defendant Church Mutual Insurance Company ("Defendant") be instructed to not mention or bring before the jury, either directly or indirectly, upon voir dire, reading the pleadings, statement of the case, interrogation of witnesses, argument, or objection before the jury, or in any other matter or means inform the jury or bring to the jury's attention any of the matters set forth in the numbered paragraphs below, unless and until such matters have first been called to the Court's attention out of the presence of the jury and a favorable ruling received as to the admissibility and relevance of such matters.

Further, that Defendant be specifically instructed to inform and counsel with all witnesses called by Defendant, or parties in the courtroom at the request of Defendant, not to volunteer,

inject, disclose, state, or mention to the jury any of the matters set forth in the numbered paragraphs below until specifically questioned thereon after a prior ruling by the Court.

Additionally, Plaintiff asks the Court to order that a violation of any or all of these instructions would constitute harm to the cause of Plaintiff, depriving Plaintiff of a fair and impartial trial. Plaintiff also requests that the Court instruct Defendant's counsel that failure to abide by the Court's order in this regard may constitute contempt of court.

Plaintiff requests the Court to order, if counsel for Defendant wishes to propose a theory of admissibility concerning these matters that counsel for Defendant first request a ruling from the Court outside the presence and hearing of all prospective and selected jurors in this cause. FED. R. EVID. 103.

## II.

The matters set out herein would be inadmissible in evidence for any purpose on proper and timely objection in that they have no rational relationship to any probable or controlling fact issue in dispute, nor do they have a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 401, 402.

## III.

Permitting interrogation of witnesses, parties, comments to jurors, or prospective jurors, or offers of evidence concerning any of the matters set forth herein would prejudice the jury, and sustaining an objection to such questions, statements, or evidence introduced by counsel, parties or witnesses will not prevent prejudice but will reinforce the development of questionable evidence.  Should any of such matters be brought to the attention of the jury, directly or indirectly, Plaintiff would be compelled to file a motion for mistrial.  Therefore, in an effort to avoid probable

prejudice and a possible mistrial in this cause, Plaintiff moves the Court in Limine as set forth herein.

**IV.**

Furthermore, the probative value of the matters set forth herein is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury and as such, should not be admissible for any purpose in this case, and to permit the mentioning of such matters would prejudice the jury even with the sustaining of an objection to such matters. FED. R. EVID. 403.

**V.**

Plaintiff submits that none of the following matters would be proper or admissible for any purpose in this case:

1. Any other insurance claim, lawsuit or settlement made by Plaintiff, its counsel, or its corporate representative(s) that is not currently the subject of this suit. Other insurance claims, lawsuits, or settlements are irrelevant as they do not make it more or less likely to prove Defendant's acts constituted a breach of contract and extra-contractual issues for the disputed claim in this case. *See* FED. R. EVID. 401. Introducing any other insurance claims by Plaintiff would only be offered for the purpose of causing substantial prejudice and any probative value would be de minimis at best. *See* FED. R. EVID. 403.

   Agreed        _____X_____

   Granted       _____

   Denied        _____

2. Any reference from either party that this lawsuit or a verdict in this case will increase insurance premiums or frequency of claims Texas or any of the counties comprising the Eastern District of Texas since such matters are not an issue in this cause and reference to same would be irrelevant and prejudicial to Plaintiff. FED. R. EVID. 403.

   Agreed        _____X_____

   Granted       _____

   Denied        _____

3. Any mention, statement, or comment related to the motivation of any roofer, attorney, or contractor hired by Plaintiff in connection with his insurance claim and whether any such individual had an undue influence in encouraging Plaintiff to make a claim, including any reference to any contractor or attorney as a "storm chaser," "ambulance chaser," "door knocker," or similar comment.  Any supposed motives are irrelevant as they do not make it more or less likely to prove Defendant's acts constituted a breach of contract and extra-contractual issues for the disputed claim in this case.  *See* Fed. R. Evid. 401. Additionally, introducing allegations about encouraging the filing of insurance claims would only be offered for the purpose of causing substantial prejudice and any probative value would be de minimis at best.  *See* Fed. R. Evid. 403.

    Agreed    _____

    Granted    _____

    Denied    _____

4. Any record, document, photograph, or other item of tangible evidence and any mention of an alleged date of loss for the insurance claim at issue other than March 13, 2019. Plaintiff asserts a date of loss within the applicable policy period and it is permitted to change the date of loss upon learning new information. Introducing a different date of loss still within the policy period would only serve to confuse the issue and confuse the jury. *See* FED. R. EVID. 403

    Agreed    _____

    Granted    _____

    Denied    _____

5. Any failure of Plaintiff to call any witness available equally to either party in this action.

    Agreed    _____X_____

    Granted    _____

    Denied    _____

6.    Any comment on or reference to the probable testimony of a witness who is not called to testify at trial.

|  |  |
|---|---|
| Agreed | __X__ |
| Granted | _____ |
| Denied | _____ |

7.    Any reference to the amount or nature of the fees paid by Plaintiff to its attorneys, or comments to the effect that Plaintiff's counsel "has an interest in this case" and similar references regarding a contingency fee agreement, or any comments that the attorneys for Plaintiff are lawyers who regularly sue insurance companies or others. FED. R. EVID. 401–403, 503; *Azar Nut Co. v. Caille*, 720 S.W.2d 685, 688 (Tex. App. El Paso—1986, aff'd 734 S.W.2d 667 (Tex. 1987).

|  |  |
|---|---|
| Agreed | __X__ |
| Granted | _____ |
| Denied | _____ |

8.    Any reference to the Court's prior rulings, Plaintiff's prior amended filings, or comments between counsel either on or off the record.  Such references would only be offered for the purpose of causing substantial prejudice and any probative value would be de minimis at best.  *See* Fed. R. Evid. 403.

|  |  |
|---|---|
| Agreed | __X__ |
| Granted | _____ |
| Denied | _____ |

9.    Any cumulative or duplicative testimony by any expert on a topic, opinion, photograph, or event upon which another expert has already testified, including for the reasons stated in Plaintiff's Motion to Exclude Duplicative Expert Testimony.  Fed. R. Ev. 403.

|  |  |
|---|---|
| Agreed | __X__ |
| Granted | _____ |
| Denied | _____ |

# VI.
# PRAYER

Plaintiff respectfully requests that the Court grant its Motion in Limine in its entirety and order that Defendant, counsel for Defendant, and any and all witnesses called on Defendant's behalf be instructed to refrain from any mention or interrogation, directly or indirectly, into any manner whatsoever, regarding any of the matters set forth in this Motion, until such time as those items have first been presented to the Court outside the hearing and presence of the jury and the Court has made its ruling on the admissibility thereof, and that the court grant Plaintiff all other relief to which it is entitled.

Respectfully submitted,

*/s/Vincent P. Circelli*
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Andrew Spadoni
State Bar No. 24109198
aspadoni@dcclawfirm.com

**DUGAS, CHEEK & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:    (817) 945-3061
Facsimile:    (682) 219-0761

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

On September 30, 2022, counsel for Plaintiff conferred with counsel for Defendant regarding the relief requested herein. The parties were able to reach an agreement on certain portions, and marked them as agreed. The remaining motions in limine remain disputed and are submitted to the court.

/s/ *Vincent P. Circelli*
Vincent P. Circelli

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2022, a true and correct copy of the foregoing was served on all counsel of record pursuant to Federal Rule of Civil Procedure 5(b), as follows:

*via e-service*
Ron Burnovski
rburnovski@zelle.com
G. Brian Odom
bodom@zelle.com
Lindsey P. Bruning
lbruning@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202
Telephone: (214) 742-3000
Facsimile:  (214) 760-8994

/s/ *Vincent P. Circelli*
Vincent P. Circelli