UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HILLTOP CHURCH OF THE NAZARENE, § | | |
|    *Plaintiff*, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 6:21-CV-00322-JCB | |
| § | | |
| CHURCH MUTUAL INSURANCE § | | |
| COMPANY § | | |
|    *Defendant*. § | | |

**ORDER ON PLAINTIFF'S MOTION IN LIMINE**

On this day, the Court considered Plaintiff's Motion in Limine. The Court, having considered the Motion, the Response, any arguments of counsel, and the applicable laws finds that the Motion has merits and should be GRANTED as follows:

IT IS HEREBY ORDERED Defendant Church Mutual Insurance Company ("Defendant") shall not mention or bring before the jury, either directly or indirectly, upon voir dire, reading the pleadings, statement of the case, interrogation of witnesses, argument, or objection before the jury, or in any other matter or means inform the jury or bring to the jury's attention any of the matters set forth in the numbered paragraphs below, unless and until such matters have first been called to the Court's attention out of the presence of the jury and a favorable ruling received as to the admissibility and relevance of such matters:

1. Any other insurance claim, lawsuit or settlement made by Plaintiff, its counsel, or its corporate representative(s) that is not currently the subject of this suit. Other insurance claims, lawsuits, or settlements are irrelevant as they do not make it more or less likely to prove Defendant's acts constituted a breach of contract and extra-contractual issues for the disputed claim in this case. *See* FED. R. EVID. 401. Introducing any other insurance claims by Plaintiff would only be offered for the purpose of causing substantial prejudice and any probative value would be de minimis at best. *See* FED. R. EVID. 403.

   Agreed            X    

   Granted       _____

   Denied        _____

2. Any reference from either party that this lawsuit or a verdict in this case will increase insurance premiums or frequency of claims Texas or any of the counties comprising the Eastern District of Texas since such matters are not an issue in this cause and reference to same would be irrelevant and prejudicial to Plaintiff. FED. R. EVID. 403.

   Agreed            X    

   Granted       _____

   Denied        _____

3. Any mention, statement, or comment related to the motivation of any roofer, attorney, or contractor hired by Plaintiff in connection with his insurance claim and whether any such individual had an undue influence in encouraging Plaintiff to make a claim, including any reference to any contractor or attorney as a "storm chaser," "ambulance chaser," "door knocker," or similar comment. Any supposed motives are irrelevant as they do not make it more or less likely to prove Defendant's acts constituted a breach of contract and extra-contractual issues for the disputed claim in this case. *See* Fed. R. Evid. 401. Additionally, introducing allegations about encouraging the filing of insurance claims would only be offered for the purpose of causing substantial prejudice and any probative value would be de minimis at best. *See* Fed. R. Evid. 403.

   Agreed        _____

   Granted       _____

   Denied        _____

4.     Any record, document, photograph, or other item of tangible evidence and any mention of an alleged date of loss for the insurance claim at issue other than March 13, 2019. Plaintiff asserts a date of loss within the applicable policy period and it is permitted to change the date of loss upon learning new information. Introducing a different date of loss still within the policy period would only serve to confuse the issue and confuse the jury. *See* FED. R. EVID. 403

        Agreed        _____

        Granted        _____

        Denied        _____

5.     Any failure of Plaintiff to call any witness available equally to either party in this action.

        Agreed        \_\_\_\_X\_\_\_\_\_

        Granted        _____

        Denied        _____

6.     Any comment on or reference to the probable testimony of a witness who is not called to testify at trial.

        Agreed        \_\_\_\_X\_\_\_\_\_

        Granted        _____

        Denied        _____

7.     Any reference to the amount or nature of the fees paid by Plaintiff to its attorneys, or comments to the effect that Plaintiff's counsel "has an interest in this case" and similar references regarding a contingency fee agreement, or any comments that the attorneys for Plaintiff are lawyers who regularly sue insurance companies or others. FED. R. EVID. 401–403, 503; *Azar Nut Co. v. Caille*, 720 S.W.2d 685, 688 (Tex. App. El Paso—1986, aff'd 734 S.W.2d 667 (Tex. 1987).

        Agreed        \_\_\_\_X\_\_\_\_\_

        Granted        _____

        Denied        _____

8.  Any reference to the Court's prior rulings, Plaintiff's prior amended filings, or comments between counsel either on or off the record. Such references would only be offered for the purpose of causing substantial prejudice and any probative value would be de minimis at best. *See* Fed. R. Evid. 403.

    Agreed     X

    Granted     _____

    Denied     _____

9.  Any cumulative or duplicative testimony by any expert on a topic, opinion, photograph, or event upon which another expert has already testified, including for the reasons stated in Plaintiff's Motion to Exclude Duplicative Expert Testimony. Fed. R. Ev. 403.

    Agreed     X

    Granted     _____

    Denied     _____

IT IS FURTHER ORDERED that Defendant shall inform all witnesses called by Defendant, or parties in the courtroom at the request of Defendant, not to volunteer, inject, disclose, state, or mention to the jury any of the matters set forth in the numbered paragraphs above until specifically questioned thereon after a prior ruling by the Court.

IT IS FURTHER ORDERED that if counsel for Defendant wishes to propose a theory of admissibility concerning these matters that counsel for Defendant first request a ruling from the Court outside the presence and hearing of all prospective and selected jurors in this cause.

IT IS FURTHER ORDERED that failure to abide by the Court's order in this regard may constitute contempt of court.