UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
───────
No. 6:21-cv-00322
───────

**Hilltop Church of the Nazarene,**
*Plaintiff,*

v.

**Church Mutual Insurance Company,**
*Defendant.*
───────

Before BARKER, *District Judge*
───────

### JOINT FINAL PRETRIAL REPORT

1. **Counsel for the Parties**

Plaintiff(s):

Preston J. Dugas III
Vincent P. Circelli
DUGAS, CHEEK & CIRCELLI, PLLC
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:    (817) 945-3061
Facsimile:    (682) 219-0761

Defendant(s):

G. Brian Odom
Lindsey P. Bruning
Kiri D. Deonarine
ZELLE LLP
901 Main Street, Suite 4000
Dallas, Texas 75202
Telephone: (214) 742-3000
Facsimile: (214) 760-8994

2. **Statement of Jurisdiction**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. At the time this lawsuit was filed and to this day, Plaintiff pays property taxes on the Property in question in Smith County, Texas. Plaintiff is therefore a citizen of Texas for diversity purposes.

Defendant has alleged it is a corporation formed under the laws of the State of Wisconsin with its principal place of business in Wisconsin. No party disputes this Court's jurisdiction.

3. **Nature of the Action**

This case arises out of a claim for property damage Hilltop Church of the Nazarene ("Hilltop" or "Plaintiff") made for hail, wind, and rain damage allegedly sustained to its property in Tyler, Texas. Hilltop instituted this lawsuit against Church Mutual Insurance Company ("Church Mutual" or "Defendant") and alleged causes of action for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practice Act, and for breach of the duty of good faith and fair dealing. Defendant denies that any amounts are owed to Plaintiff pursuant to the insurance policy.

4. **Contentions of the Parties**

**Plaintiff's Contentions:**

Plaintiff contends that a severe hailstorm occurred on March 13, 2019 which damaged Plaintiff's Property. Plaintiff purchased property damage insurance from Defendant, which included coverage for storm damage occurring on March 13, 2019. Plaintiff timely reported the damage to Defendant, but Defendant refused to conduct an actual inspection of the Property, instead employing biased inspectors on an outcome-oriented investigation. Plaintiff asserts claims for breach of contract as well as claims for violations of the Texas Insurance Code, Deceptive Trade Practices Act and common law.

**Defendant's Contentions:**

This dispute involves an insurance claim for damage to Hilltop's property located at 10818 University Drive, Tyler, Texas 75707 (the "Property") allegedly caused by hail and/or wind on or about March 13, 2019 (the "Storm"). At the time of the alleged loss, Hilltop had an insurance policy with Church Mutual insuring the Property against loss or damage, subject to all terms,

conditions, limitations, and exclusions therein. The policy excluded wear and tear, deterioration, continuous or repeated seepage or leakage of water, and faulty, inadequate, or defective workmanship, repair, construction, or maintenance. The policy further excluded interior water damage unless the building sustained covered damage allowing the water intrusion.

Hilltop contends that wind and hail during the Storm damaged the roof and exterior components of the Property, requiring replacement and/or repairs. Church Mutual acknowledges limited damage to the roof and exterior components requiring repair, but contends that the remaining damage claimed results from non-covered or excluded causes of loss, including long-term wear and tear, age-related deterioration, faulty or inadequate repair, construction, or renovation, and multiple weather events at the Property that occurred both before and after the claimed date of loss.

Church Mutual contends that Hilltop has not, and cannot, meet its burden to prove its damages are covered by the policy. And further, that because covered and non-covered perils combined to create Hilltop's loss, that it has not, and cannot, meet its burden to segregate the damage attributable solely to the covered event. Accordingly, Hilltop's breach-of-contract claim fails.

Church Mutual also contends that Hilltop's extra-contractual claims fail for vaiour reasons. First, because Hilltop cannot establish its breach-of-contract cause of action and because Hilltop has not suffered any injury independent of its claim for policy benefits, Hilltop cannot recover on its extra-contractual claims. Even if the breach-of-contract claim survives, the evidence will show that Church Mutual has not violated the Texas Insurance Code, the DTPA, or the common law duty of good faith and fair dealing in the handling of this claim.

5. **Stipulations and Uncontested Facts**

1. Church Mutual issued insurance policy 0118133-02-696239 ("the Policy") to Hilltop with a policy period of December 2, 2018 to December 2, 2019 ("the Policy Period"), subject to all terms, conditions, provisions, limitations, duties and exclusions contained therein.

2. The policy covered the Property, a church building located at 10818 University Blvd., Tyler, Texas 75707 in Smith County, Texas.

3. The Property consists of two buildings.

   a. Building 1: One Story Brick Veneer building: (the "Main Building" or "Sanctuary") Building 1 is made up of wood frame and drywall covered with brick veneer and vinyl siding. The roofing consists of lightweight laminate asphalt composition shingles and a Steeple, in addition to various appurtenances common to a structure of these type.

   b. Building 2: The Wood Shed at the rear of the Main Building is covered with 3-tab asphalt composition shingles, with appurtenances common to structures of these types.

4. The Policy provided coverage for damage to the Property caused by windstorm or hail during the Policy Period, subject to the Policy's terms, conditions, limitations, duties and/or exclusions.

5. Plaintiff's deductible for windstorm or hail is $2,500 under the Policy.

6. Plaintiff made a claim under the Policy on August 28, 2019 for damage to the Property allegedly resulting from a storm event on or about March 13-14, 2019.

7. Church Mutual assigned the loss claim number 1393840.

8. Church Mutual retained independent adjuster Mike Hickey with Leading Edge Claims Service ("Hickey") to assist in the investigation and evaluation of the claim.

9. Hickey drafted an estimate for the covered wind damage identified totaling $13,226.89 on a replacement cost basis.

10. Less the applicable $2,500.00 deductible, Church Mutual tendered payment to Hilltop in the amount of $10,726.89 on October 14, 2019.

11. On January 7, 2020, Church Mutual received notice that Hilltop had retained Premier Adjustment Group, LLC ("Premier") to act as its public adjuster.

12. On or about March 18, 2020, Church Mutual received an estimate from Premier for alleged damages totaling $340,694.92 on a replacement cost basis.

13. Thereafter, Church Mutual retained engineer Daniel J. Hillner with EFI Global ("Hillner") to evaluate the claimed damage to the Property.

14. On April 1, 2020, Hillner inspected the Property.

15. Hillner reported his conclusions in report dated April 16, 2020.

16. Church Mutual denied the remainder of the claim via letter dated April 30, 2020.

5. **Contested issues of fact and law**

Facts:

1. Whether Defendant received all items, statements, and forms reasonably requested from the Plaintiff that were necessary to decide whether to accept or reject the claim on May 1, 2020.

2. Whether the Property sustained direct physical damage as a result of wind, hail or rain.

3. Whether the damages to the Property resulted from non-covered or excluded causes of loss, including long-term wear and tear, age-related deterioration, faulty or inadequate repair, construction, or renovation, and multiple weather events at the Property that occurred both before and after the claimed date of loss.

4. Whether Plaintiff is owed additional compensation for wind, hail, or rain damages caused by the March 13, 2019 storm.

5. Whether Plaintiff is entitled to damages, caused by defendant's alleged insurance code violations.

6. Whether Plaintiff is entitled to damages caused by Defendant's alleged bad faith conduct.

7. Whether Plaintiff is entitled to damages caused by Defendant's alleged Deceptive Trade Practices Act violation.

8. Whether Defendant engaged in any unfair or deceptive act or practice related to the Claim.

9. Whether Defendant knowingly engaged in any unfair or deceptive act or practice related to the Claim that caused damages to Plaintiff.

10. Whether Defendant failed to comply with its duty of good faith and fair dealing to Plaintiff in its handling of the Claim.

11. Whether Plaintiff is entitled to attorney's fees and the reasonable amount of such fees.

12. Whether Defendant breached the Policy.

**Defendant's Contested Issues of Law:**

1. Whether a bona fide dispute existed with regard to the controversy at issue in this suit.

2. Whether Church Mutual is "liable for the claim" as required for liability to attach under Chapter 542A of the Texas Insurance Code.

3. Whether Plaintiff has failed to segregate covered and non-covered damages.

4. Whether Plaintiff is entitled to recover for replacement cost valuation despite not undertaking any repairs, as required for replacement cost valuation under the policy.

6. **Pending Motions**

- Defendant's Motion to Exclude Opinions of James Maxwell Judge (Dkt. 29); and

- Defendant's Motion for Summary Judgment (Dkt. 30).

7. **Probable Length of Trial**

The trial is expected to last 4 days, or 32 hours.

8. **Trial Management Procedures**

(1) The parties will exchange demonstratives to be used at trial by 6 p.m. the night before they plan to use them;

(2) Each party will act in good faith to notify the other party by email by 6 p.m. the night before a witness is to be called.

(3) If an exhibit has been pre-admitted, the parties agree they do not need to disclose what exhibits they plan to use and when. If a party plans to use an exhibit not previously disclosed, the parties agree to confer by 6 p.m. the night before they plan to use such exhibit, except for exhibits used on cross-examination or for impeachment purposes.

(4) Opening Argument and Exhibits - The parties may display agreed or pre-admitted exhibits during opening arguments, and other exhibits subject to a pretrial conference on the use of the exhibit.

9. **Witness lists**

Each party's witness list is attached as an appendix to the pretrial report.

10. **Deposition designations**

Defendant's Designations of Deposition Testimony are contained in the same document as Defendant's Witness List, which is attached as an appendix to the pretrial report.

11. **Exhibit lists**

Each party's exhibit list is attached as an appendix to the pretrial report.

12. **Certifications**

The undersigned counsel for each of the parties in this action hereby certify and acknowledge the following:

(A) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the court's orders;

(B) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the court's orders have been complied with;

(C) Each exhibit in the Exhibit List herein:

(i) exists;

(ii) is numbered; and

(iii) has been disclosed and shown to opposing counsel.

13. **Voir Dire Questionnaire and Questions.**

See attached questionnaire and questions for the court. The parties respectfully request that they each may have 90 minutes to ask additional questions of the venire panel at the conclusion of the Court's questions.

Agreed as to form and confirmation of required certifications:

| | |
|---|---|
| */s/ Vincent P. Circelli* | */s/ Lindsey P. Bruning* |
| Vincent P. Circelli | G. Brian Odom |
| State Bar No. 24058804 | State Bar No. 50511840 |
| vcircelli@dcclawfirm.com | bodom@zellelaw.com |
| Preston J. Dugas III | Lindsey P. Bruning |
| State Bar No. 24050189 | State Bar No. 24064967 |
| pdugas@dcclawfirm.com | lbruning@zellelaw.com |
| **DUGAS, CHEEK & CIRCELLI, PLLC** | Kiri D. Deonarine |
| 1701 River Run, Suite 703 | State Bar No. 24105298 |
| Fort Worth, Texas 76107 | kdeonarine@zellelaw.com |
| Telephone:   (817) 945-3061 | **ZELLE LLP** |
| Facsimile:   (682) 219-0761 | 901 Main Street, Suite 4000 |
| | Dallas, Texas 75202-3975 |
| | Telephone: (214) 742-3000 |
| | Facsimile: (214) 760-8994 |