# JURY INSTRUCTIONS AND PROPOSED VERDICT FORM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:21-cv-00322-JCB

———

**Hilltop Church of the Nazarene,**

*Plaintiff,*

v.

**Church Mutual Insurance Company,**

*Defendant.*

———

Before BARKER, *District Judge*

———

## JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Plaintiff Hilltop Church of the Nazarene (the "Plaintiff") and

Defendant Church Mutual Insurance Company ("Defendant") file

the attached Jury Instructions and Verdict Form.

Respectfully submitted,

*/s/* _____
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
**DUGAS, CHEEK & CIRCELLI, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:      (817) 945-3061
Facsimile:      (682) 219-0761

**ATTORNEYS FOR PLAINTIFFS**

**-AND-**

*/s/* _____
G. Brian Odom

bodom@zellelaw.com
State Bar No. 50511840
Lindsey P. Bruning
lbruning@zellelaw.com
State Bar No. 24064967
Kiri D. Deonarine
kdeonarine@zellelaw.com
State Bar No. 24105298
**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202
Telephone: (214) 742-3000
Facsimile:  (214) 760-8994

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing document has been forward to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on September 30, 2022.

***via e-mail***
G. Brian Odom
bodom@zellelaw.com
Lindsey P. Bruning
lbruning@zellelaw.com
Kiri D. Deonarine
kdeonarine@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202

**ATTORNEYS FOR DEFENDANT**

*/s/ Vincent P. Circelli*
Vincent P. Circelli

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:21-cv-00322-JCB

———

**Hilltop Church of the Nazarene,**
*Plaintiff,*

v.

**Church Mutual Insurance Company,**
*Defendant.*

———

Before BARKER, *District Judge*

———

**JOINT PROPOSED JURY INSTRUCTIONS**

MEMBERS OF THE JURY:

A. INTRODUCTION

It is my duty and responsibility to instruct you on the law that you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on

which those arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard and the other evidence submitted.  You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.  Do not let bias, prejudice, or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

B.  BURDEN OF PROOF

Plaintiff has the burden of proving its case  by a preponderance of the evidence.  To establish by a preponderance of the evidence means to prove something is more likely so than not so.  If you find that Plaintiff has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those

facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

C.   WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances.  Has the witness been contradicted by other credible evidence?  Has he or she made statements at other times and places contrary to those made here on the witness stand?  You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence.  The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

D.  EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

E.  NO INFERENCE FROM FILING SUIT

The fact that a party brought a lawsuit and is in court seeking relief creates no inference that the party is entitled to judgment.  Anyone may make a claim and file a lawsuit.  The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Plaintiff offer:**

**F.  DEFINITIONS**

**For purposes of this charge, you are given the following definitions for terms used throughout this charge:**

1.  **"Plaintiff" means Hilltop Church of the Nazarene.**

2.  **"Defendant" means Church Mutual Insurance Company.**

3.  **"Policy" means Church Mutual Insurance Policy No. 0118133-02-696239, effective December 2, 2018 to December 2, 2019 issued to Hilltop Church of the Nazarene.**

4.  **"Property" means the property located at 10818 University Blvd., Tyler, Smith County, Texas 75707 in Smith County, Texas.**

**[Defendant believes these definitions should be given in the verdict form].**

G. Duty to Deliberate

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1. To preside during your deliberations;

2. To see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge;

3. To write out and hand to the marshal any communications concerning the case that you desire to have delivered to the judge;

4. To vote on the questions;

5. To write your answer to the questions in the spaces provided; and

6. To certify to your verdict in the space provided below for the presiding juror's signature.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

You should not discuss the case with anyone, not even with other members of the jury unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

Remember at all time, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you

took during this trial are only aids to memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors.  Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

Your verdict must be unanimous.  After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it.  The presiding juror will then inform the marshal at the door of the jury room that you have reached a verdict, and then you will return to the courtroom with your verdict. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer.  After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.  Keep in mind, however, that you must never disclose to anyone, not even me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Signed this _____ day of _____, 2022, in Tyler, Texas.

_____
UNITED STATES DISTRICT JUDGE

REQUESTED JURY INSTRUCTION NO. 1

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Do not speculate about Defendant's proportionate liability for damages.  Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Given: _____

Refused: _____

Modified as follows: _____

_____

_____


_____
Judge Presiding

QUESTION NO. 1

Plaintiff's Proposed Question No. 1[1]

**Did Defendant fail to comply with the Policy by failing to pay for damages, if any, to the Plaintiff's Property that was caused by the March 13, 2019 hail, wind and rain storm?**

**Answer "Yes" or "No":**_____

Defendant's Proposed Question No. 1[2]

**Did Defendant fail to comply with one or more provisions of the Policy issued to Hilltop?**

**In answering this Question No. 1, you are instructed as follows:**

**A. Church Mutual failed to comply with the Policy if it failed to pay for all the covered damages to the property in excess of the applicable deductibles, that was caused by a hail and/or wind event on or about March 13, 2019.**

**B. The Policy does not cover physical loss or damage that pre-existed December 2, 2018, the date the Policy incepted.**

**C. The Policy does not cover physical loss or damage that resulted from wear and tear, deterioration, hidden or latent defect.**

---

[1] *Yin v. Aspen,* No. 6:20-cv-00153-JCB (E.D. Tex. Nov. 4, 2021) Signed Jury Verdict [Dkt. 154] at p. 1; *See* TEX. PJC 101.2.

[2] *See, e.g.,* TEX. PJC 101.57, including the commentary and cases cited therein. Because this case is based upon alleged breach of an *insurance* contract, Defendant's Proposed Question No. 1 tracks the standard breach of contract pattern jury charge for compliance with an insurance contract. Because this is a broad form question, Defendant also includes instructions including applicable coverage/exclusion language in the applicable insurance policy. *See, e.g., Telepak v. United Services Automobile Ass'n*, 887 S.W.2d 506, 507 (Tex. App.—San Antonio 1994, writ denied).

**D. The Policy does not cover physical loss or damage that resulted from faulty, inadequate, or defective design, workmanship, repair, construction, materials used in repair, construction, renovation or remodeling, or maintenance.**

Answer "Yes" or "No":_____

Given: _____

Refused: _____

Modified as follows: _____

_____

_____


_____
Judge Presiding

If you answered "Yes" to Question to No. 1, then answer the following question.  Otherwise, do not answer the following question.

**<u>Plaintiff's Proposed QUESTION NO. 2:</u>**[3]

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for its damages, if any, that resulted in Defendant's failure to comply with the insurance policy agreement?**

**Answer in dollars and cents, if any. $_____**

**<u>Defendant's Proposed QUESTION NO. 2:</u>**[4]

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for its unpaid damages, if any, that were caused solely by the March 13, 2019 storm event?**

**Answer in dollars and cents for damages, if any.**

**Do not add any amount for interest on damages, if any.**

**In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.**

---

[3] *Yin v. Aspen,* No. 6:20-cv-00153-JCB (E.D. Tex. Nov. 4, 2021) Signed Jury Verdict [Dkt. 154] at p. 1; *see also* TEX. PJC 115.3.
[4] *See, e.g.,* TEX. PJC 101.58, including the commentary and cases cited therein. Because this case is based upon alleged breach of an insurance contract, Defendant's Proposed Question No. 2 tracks PJC 101.58 to establish the amount of damages, if any, caused solely by a covered event. Further, because this is a broad form question, Defendant also includes appropriate instructions based upon the applicable policy's valuation provisions. *See* Commentary to PJC 101.58.

Consider the following element of damages, if any, and none other.

In answering this Question No. 2, you are instructed as follows:

A. Valuation under the Policy is determined at "Replacement Cost (without deduction for depreciation) as of the time of loss or damage."

B. Recovery under the Policy's Replacement Cost coverage shall not exceed "the cost to replace [ ] the lost or damaged property with other property [o]f comparable material and quality; and [u]sed for the same purpose;" or the amount "actually spen[t] that is necessary to repair or replace the lost or damages property."

C. Actual Cash Value means "the amount it would cost to repair or replace Covered Property with material of comparable kind and quality, less allowance for deterioration and depreciation, including obsolescence." the cost to repair or replace the property, at the time and place of the loss or damage, with material of like kind and quality, less proper deduction for obsolescence and physical depreciation.

D. Actual Cash Value is determined "as of the time of loss or damage."

The reasonable and necessary cost to repair or replace the Property that was damaged by the March 13, 2019 hail, wind and rain storm, less the applicable deductible and all prior payments made by Defendant in relation to the Claim.

Given: _____

Refused: _____

Modified as follows: _____

_____

_____

_____
Judge Presiding

If you answered "Yes" to Question to No. 1, then answer the following question.  Otherwise, do not answer the following question.

QUESTION NO. 3

Did Defendant engage in any unfair or deceptive act or practice that caused Plaintiff not to receive benefits it had a right to receive under the Policy?

"Unfair or deceptive act or practice" means any of the following: Answer YES or NO as to each subpart.

(a) misrepresenting a material fact or policy provision relating to coverage at issue; or

_____

(b) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear; or

_____

(c) failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; or

_____

(d) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff; or

_____

(e) refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

_____

You are instructed that Defendant may be liable for the foregoing enumerated acts or practices, even if committed by its independent adjusters, employees, or agents.

Given: _____

Refused: _____

Modified as follows: _____

_____

_____


_____
Judge Presiding

If you have answered "Yes" to Question No. 3, then answer the following question.  Otherwise, do not answer the following question.

QUESTION NO. 4

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate the Plaintiff for its damages, if any, that were caused by such unfair or deceptive act or practice?

Consider the following element of damages, if any, and none other:

The reasonable and necessary cost to repair or replace the Property that was damaged by the March 13, 2019 hail, wind and rain storm, less the applicable deductible and all prior payments made by Defendant in relation to the Claim.

Answer in dollars and cents for damages, if any:

Answer: $_____

Given: _____

Refused: _____

Modified as follows: _____

_____

_____


_____
Judge Presiding

If you have answered "Yes" to Question No. 3, then answer the following question.  Otherwise, do not answer the following question.

QUESTION NO. 5

Did Defendant engage in the unfair or deceptive act or practice described in Question No. 3 knowingly?

"Knowingly" means actual awareness, at the time of the conduct, of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages is based.  Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

In answering this question, consider only the conduct that you have found was a producing cause of damages to the Plaintiff.

You are further instructed that Defendant may be liable for the enumerated unfair or deceptive acts or practices, even if committed by its independent adjusters, employees, or agents.

Answer "Yes" or "No":_____

Given: _____

Refused: _____

Modified as follows: _____

_____

_____

_____
Judge Presiding

If you have answered "Yes" to Question No. 5, then answer the following question.  Otherwise, do not answer the following question.

QUESTION NO. 6

What sum of money, if any, in addition to actual damages, should be awarded to the Plaintiff against Defendant because Defendant's conduct was committed knowingly?

"Actual damages" means the amounts of damages found in Question No. 2 or 4, if any.

Consider the following factors in awarding damages in addition to actual damages, if any:

(a) The nature of the wrong;

(b) The character of the conduct involved;

(c) The degree of Defendant's culpability;

(d) The situation and sensibilities of the parties concerned;

(e) The extent to which such conduct offends a public sense of justice and propriety;

Answer in dollars and cents, if any:

Answer: $ _____

Given: _____

Refused: _____

Modified as follows: _____

_____

_____

_____
Judge Presiding

QUESTION NO. 7

By what date did Church Mutual receive all items, statements, and forms that were reasonably requested and required during the investigation of the claim to pay for all damages to the Property that resulted from a hail and/or wind event on or about March 13, 2019?

Answer with a date in the blank below.

Answer: _____

Given: _____

Refused: _____

Modified as follows: _____

_____

_____


_____
Judge Presiding

QUESTION NO. 8

Did Defendant fail to comply with its duty of good faith and fair dealing to Plaintiff with respect to the Plaintiff's claim for property damage that was caused by the March 13, 2019 hail, wind and rain storm?

Defendant failed to comply with its duty of good faith and fair dealing if it did any of the following:

Answer YES or NO as to each subpart.

(1) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear;

_____

(2) refusing to pay a claim without conducting a reasonable investigation of the claim; or

_____

(3) canceling an insurance policy without a reasonable basis.

_____

Given: _____

Refused: _____

Modified as follows: _____

_____

_____

_____
Judge Presiding

If you answered "Yes" to Question No. 8, then answer the following question.  Otherwise, do not answer the following question.

QUESTION NO. 9

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for its damages, if any, that were proximately caused by Defendant's failure to comply with its duty of good faith and fair dealing with respect to the Plaintiff claim for property damage caused by the March 13, 2019 hail, wind and rain storm?

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents, if any:

Answer: $ _____

Given: _____

Refused: _____

Modified as follows: _____

_____

_____


_____
Judge Presiding

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

_____
PRESIDING JUROR

_____
Printed Name of Presiding Juror