UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| HILLTOP CHURCH OF THE NAZARENE, § <br> *Plaintiff*, § <br> § <br> vs. § <br> § <br> CHURCH MUTUAL INSURANCE § <br> COMPANY § <br> *Defendant*. § | CIVIL ACTION NO. 6:21-CV-00322-JCB |

**PLAINTIFF'S PROPOSED ORDER ON DEFENDANT'S MOTION IN LIMINE**

On this day came to be considered Defendant Church Mutual Insurance Company's ("Defendant's") Motion in Limine. After considering the Motion, any responses and replies, and any argument of counsel, the Court rules as follows:

1. **Defendant's Limine No. 1:** Any reference to settlement negotiations or discussions between Plaintiff and Church Mutual.

   **Response**: Plaintiff agrees to Defendant's limine item number 1.

   Agreed: X

2. **Defendant's Limine No. 2:** Any reference to a statement (or statements) made by Plaintiff, Church Mutual, or their respective counsel during settlement negotiations or discussions

   **Response:** Plaintiff agrees to Defendant's limine item number 2.

   Agreed: X

3. **Defendant's Limine No. 3:** Any mention that Church Mutual is (or was) involved in other lawsuits. This includes, but is not limited to, any reference to or allegation of damages sustained by persons not parties to this lawsuit, the results of any insurance claim submitted by persons other than Plaintiff, or other claims submitted by Plaintiff as a result of another claim or transaction with Church Mutual.

   **Response**: Defendant's Motion is overly broad and would prevent Plaintiff from fully examining Defendant's experts regarding their long-standing relationship with Defendant and their

bias in favor of Defendant.  This motion would further bar experts from discussing storm damage suffered in the surrounding areas on the alleged date of the storm at issue here, which is probative and relevant to the fact issue of the date and severity of the storm.  This motion is further overbroad and would prevent Plaintiff's corporate representative from testifying as to his knowledge that this Defendant is actively denying similar claims against other Nazarene churches in Texas, which is evidence of Defendant's bad faith in this case.  Defendant's motion should be denied.

    Granted: \_\_\_\_

    Denied: \_\_\_\_

    Modified as follows: _____

4. **Defendant's Limine No. 4:** To further instruct counsel for Plaintiff, Plaintiff's witnesses and Plaintiff are not to mention, suggest, or place before the jury any propensity evidence of Church Mutual. This refers specifically to, but is not limited to, any mention of the conduct of the Church Mutual in the handling of other insurance claims.

    **Response:** Defendant's Motion is overly broad and does not define "propensity" evidence. The Motion would prevent Plaintiff from fully examining Defendant's adjusters and experts regarding how they have investigated and adjusted other claims, and how that differs from their handling of Plaintiff's claim.  This motion is further overbroad and would prevent Plaintiff's corporate representative from testifying as to his knowledge that this Defendant is actively denying similar claims against other Nazarene churches in Texas, which is evidence of Defendant's bad faith in this case.  Defendant's motion should be denied.

    Granted: \_\_\_\_

    Denied: \_\_\_\_

    Modified as follows: _____

5. **Defendant's Limine No. 5:** Any suggestion to the effect that a juror should place himself or herself in the position of Plaintiff in determining the amount of recovery Plaintiff should receive, if any; for example - "Which of you would trade places with the Plaintiff for any amount of money?" -- or words of similar effect. *Brown v Parker Drilling Offshore Corp.*, 410 F.3d 166, 180 (5th Cir. 2005) (appeal to the jury to put themselves in plaintiff's place

was improper); *Whitehead v Food Max of Mississippi, Inc.,* 163 F.3d 265, 278 (5th Cir. 1998) (same).

**Response:** Plaintiff agrees with Defendant's limine item number 5 as limited to damages. However, as to liability the Fifth Circuit has long held that the "use of the Golden Rule argument is **_improper only in relation to damages_**. It is **_not improper_** when urged on the issue of ultimate liability." *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983) (emphasis added).

 Agreed as to limited to damages: _X_

 Granted: ____

 Denied: ____

 Modified as follows: _____

6.  **Defendant's Limine No. 6:** Any reference to or any attempt to offer into evidence any document requested by Church Mutual in discovery that was not provided to Church Mutual by Plaintiff

 **Response:** Plaintiff agrees to Defendant's limine item number 6.

 Agreed: _X_

7.  **Defendant's Limine No. 7:** Any reference to or any attempt to offer into evidence any document or testimony relating to alleged damage to the property made the basis of this lawsuit, specifically including alleged interior damage and steeple damage, that was not previously provided to Church Mutual by Plaintiff during the course of the adjustment of the claim and/or in this litigation.

 **Response:** Plaintiff agrees to Defendant's limine item number 7.

 Agreed: _X_

8.  **Defendant's Limine No. 8:** Any reference to the contents of any document or writing which has not been properly authenticated and admitted into evidence. FED. R. EVID. 901(A); FED. R. EVID. 1002.

 **Response:** Defendant's Motion is overbroad, and authentication objections should be taken up in the normal course of examination. *Humprhie v. State Farm Lloyds,* No. 3:20-cv-01163-X (N.D. Tex. Aug. 8, 2022) Amended Order on Motions in Limine [Dkt. 72] (Denying motion in limine regarding hearsay, holding, "such testimony is better addressed through specific

hearsay objections at trial"). The Motion is so broad it would effectively bar the use of demonstratives, expert material, opening arguments, and voir dire discussions.

    Granted: \_\_\_\_
    Denied: \_\_\_\_
    Modified as follows: _____

9. **Defendant's Limine No. 9:** Any attempt to elicit testimony from Church Mutual regarding communications with its lawyers. Such communications are privileged.

    **Response:** Plaintiff agrees to Defendant's limine item number 9.

    Agreed: X

10. **Defendant's Limine No. 10:** Any reference to this Motion in Limine or to any ruling by the Court in response to this Motion. Such references are not only irrelevant but inherently prejudicial in that they suggest or infer that Church Mutual has sought to exclude proof of matters damaging to Church Mutual's case.

    **Response:** Plaintiff believes the parties should be allowed to object based on the limine rulings and that the language in this motion is overly broad. The jury will not be swayed or harmed by hearing the phrase "limine ruling."

    Granted: \_\_\_\_
    Denied: \_\_\_\_
    Modified as follows: _____

11. **Defendant's Limine No. 11:** Any reference or testimony by Plaintiff, any witnesses, or its attorneys regarding any previous rulings made by the Court in this case including, but not limited to, any mention of the Court's rulings on any pre-trial motions.

    **Response:** The motion is overbroad and would prevent discussions of the Court's rulings on items like the jury charge. Plaintiff agrees it will not discuss pretrial rulings on dispositive motions or discovery disputes.

    Granted: \_\_\_\_
    Denied: \_\_\_\_
    Modified as follows: _____

12. **Defendant's Limine No. 12:** Any attempt to request Church Mutual's attorneys to produce documents, stipulate to any facts, or to make any agreement in the presence of the jury

    **Response:** Plaintiff agrees to Defendant's limine item number 12.

    Agreed: X

13. **Defendant's Limine No. 13:** Any attempt to request Church Mutual's attorneys to stipulate to the admissibility of a document in the presence of the jury.

    **Response:** Plaintiff agrees to Defendant's limine item number 13.

    Agreed: X

14. **Defendant's Limine No. 14:** Any reference to Church Mutual's loss reserves for the insurance claim made the basis of Plaintiff's allegations against Church Mutual in this lawsuit.

    **Response:** Reserves are highly relevant in this case. *See, e.g.*, *Hidden Cove Park & Marina v. Lexington Ins. Co.*, No. 4:17-CV-00193, 2017 U.S. Dist. LEXIS 86378, at *5 (E.D. Tex. June 6, 2017) ("The Court finds the claim notes regarding loss reserve are relevant to Plaintiffs' claims."); *Trinity East Energy, LLC v. St. Paul Surplus Lines Ins. Co.*, NO. 4:11-CV-814-Y, 2013 U.S. Dist. LEXIS 199838, at *6, (N.D. Tex. March 8, 2013) ("The Court finds that the **loss reserves information is relevant** to these issues because it could tend to show that [the carrier] knew or should have known that its liability was reasonably clear, yet still denied Plaintiffs' claim based on unreasonable reliance upon its expert's report") (emphasis added).

    Granted: ____
    Denied: ____
    Modified as follows: _____

15. **Defendant's Limine No. 15:** Any testimony Plaintiff has paid insurance premiums for several years, since the payment of insurance premiums is not an issue in this case and any mention of the payment of insurance premiums by the Plaintiff is designed to have the jury decide the case based on prohibited issues such as sympathy, bias, or prejudice.

**Response:** The fact that Plaintiff has dutifully paid its premiums is relevant to the subject litigation as to establishing that Plaintiff fulfilled its end of the bargain and the conditions precedent under the policy. Furthermore, it establishes a valid contract and duty to indemnify by Defendant. There is no prejudice to Defendant in the jury learning that Plaintiff has dutifully paid his premiums and fulfilled his end of the bargain under the subject policy. *See Hinson v. State Farm Lloyds*, No. 4:20-CV-093-SDJ, 2021 U.S. Dist. LEXIS 125838, at *7 (E.D. Tex. May 5, 2021) (denying same motion in limine, finding, "payment of insurance premiums is a requisite element of [insured's] breach-of-contract claim, and thus testimony related to those payments is relevant.").

Granted: \_\_\_\_
Denied: \_\_\_\_
Modified as follows: _____

16. **Defendant's Limine No. 16:** The Court should prohibit any testifying expert retained by any party from giving legal opinions regarding coverage under the applicable insurance policy or contradicting the Court's interpretation of the policy's coverage.

    **Response:** Plaintiff will not ask an expert to provide legal conclusions, though such questions could simply be objected to in the normal course of the trial. Further, Plaintiff and experts should be allowed to testify as to each of the elements of his breach of contract claim, which will necessarily require him to apply the facts to the lawsuit.

    Granted: \_\_\_\_
    Denied: \_\_\_\_
    Modified as follows: _____

17. **Defendant's Limine No. 17:** Any statement of the law applicable to this case, including (without limitation) any statement or testimony regarding the nature and/or scope of any duty imposed by statute or common law, other than that regarding the applicable burden of proof. Such statements or testimony constitute an impermissible legal conclusion and invade the province of the Court

    **Response:** The Motion is overly broad and would bar the discussion of the law in voir dire, opening, closing, or throughout the trial.

    Granted: \_\_\_\_

    Denied: \_\_\_\_

    Modified as follows: _____

18. **Defendant's Limine No. 18:** Any comment by Plaintiff's attorneys that informs the jury of the effect of its answers to the questions in the jury charge.

    **Response:** This limine item is overbroad and would prevent Plaintiff from discussing the charge with the jury after the close of evidence.

    Granted: \_\_\_\_

    Denied: \_\_\_\_

    Modified as follows: _____

19. **Defendant's Limine No. 19**

    **Response:** Plaintiff agrees to Defendant's limine item number 19.

    Agreed: <u>X</u>

20. **Defendant's Limine No. 20:** The calling of any witness or offering of any testimony of a witness unless such witness has been previously identified in response to discovery or to disclosures and in accordance with the deadlines in the Court's Scheduling Order and/or Pre-Trial Order

    **Response:** Objections in the normal course of the trial would prevent the calling of any ineligible witness. However, this motion is overly broad and would prevent the calling of rebuttal witnesses.

    Granted: \_\_\_\_

    Denied: \_\_\_\_

    Modified as follows: _____

21. **Defendant's Limine No. 21:** Any mention of Church Mutual's failure to call a witness that is equally available to both parties.

    **Response:** Plaintiff agrees to Defendant's limine item number 21.

    Agreed: <u>X</u>

22. **Defendant's Limine No. 22:** Any evidence or testimony by any expert witness of Plaintiff that is outside the scope of the expert's written reports, or opinions produced during discovery or contained in the expert's Rule 26(a)(2) disclosure

    **Response:** Objections in the normal course of the trial would prevent testimony outside the scope of disclosed opinions.

    Granted: ____
    Denied: ____
    Modified as follows: _____

23. **Defendant's Limine No. 23:** Any evidence or testimony by any witness asserting that Church Mutual's investigation of the claim was "unreasonable" in light of industry practices. Plaintiff has not designated an expert capable of testifying on the issue of industry practices for evaluating wind and/or hail damage claims and therefore, cannot testify to whether Church Mutual was acting in compliance with industry practice.

    **Response:** Plaintiff observed Defendant's sub-par investigation, disregard of clear damage, and hail impacts on the roof. An expert is not required to describe Defendant's unreasonable investigation.

    Further, whether Defendant violated its own guidelines, which has been held as potential evidence of bad faith, is relevant. As is Defendant's hiring of an engineer with a lack of objectivity. *See State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997) (finding that based on the totality of evidence a fact finder could infer engineer reports were not made objectively and that an insurer was aware of the lack of the engineer's objectivity); *Allstate Vehicle & Prop. Ins. Co. v. Reininger*, No. 04-19-00443-CV, 2021 Tex. App. LEXIS 4760, at *23–27 (Tex. App.—San Antonio June 16, 2021). Plaintiff has presented voluminous relevant evidence in its Summary Judgment Response which the factfinder should also be allowed to hear regarding Defendant's failure to follow its own internal guidelines in the mishandling of this claim. Therefore, Defendant's limine request should be denied.

    Granted: ____


    Denied: \_\_\_\_

    Modified as follows: _____

24. **Defendant's Limine No. 24:** Any evidence or testimony by any witness asserting that Church Mutual or any of its representatives acted in bad faith as Plaintiff has not designated an expert capable of testifying on the issue. The jury is qualified to apply the facts regarding the investigation performed, the insurance policy at issue, and the applicable law to determine whether Church Mutual acted in good faith

    **Response:** There is no requirement that an expert be designated to opine on bad faith.

For the same reasons listed in the response to Defendant's limine item no. 23, Defendant's Motion should be denied.

    Granted: \_\_\_\_

    Denied: \_\_\_\_

    Modified as follows: _____

25. **Defendant's Limine No. 25**

    **Response:** There is no requirement that an expert be designated to opine on coverage.

For the same reasons listed in the response to Defendant's limine item no. 23, Defendant's Motion should be denied.

    Granted: \_\_\_\_

    Denied: \_\_\_\_

    Modified as follows: _____

26. **Defendant's Limine No. 26:** Any opinions of James Maxwell Judge regarding the cause of Plaintiff's property damage because his opinions fail to meet the reliability standards required by Rule 702.

    **Response:** Plaintiff's well-qualified expert has been repeatedly affirmed as an expert in similar cases. For the reasons stated in Plaintiff's Response to Defendant's Motion to Exclude Judge, this Motion in Limine should be denied.

    Granted: \_\_\_\_

    Denied: \_\_\_\_

   Modified as follows: _____

27. **Defendant's Limine No. 27:** Any mention from Plaintiff's counsel regarding their personal opinion about the credibility of any witness.

  **Response:** Defendant's Motion is overbroad. Plaintiff should be allowed to describe the testimony of witnesses in closing or during cross-examination.

   Granted: ____

   Denied: ____

   Modified as follows: _____

28. **Defendant's Limine No. 28:** Any reference to the net worth, assets, size, power or other indicia of the financial status of Church Mutual, or any similar comment that may draw upon the prejudices of the jury toward Church Mutual, including the number of attorneys who may be representing Church Mutual in this lawsuit or the law firm retained to defend Church Mutual in this action, or characterizing any of Church Mutual's counsel as being from a "defense firm" or similar

  **Response:** Defendant's net worth is relevant to the bad faith claims and punitive damages sought by Plaintiff in this case. Defendant's Motion is overbroad and should be denied.

   Granted: ____

   Denied: ____

   Modified as follows: _____

29. **Defendant's Limine No. 29:** Any comment or reference to Church Mutual as a "foreign" business entity, "out-of-state" business entity, or any similar comment that may draw upon the prejudices of the jury toward Church Mutual's state of corporate citizenship

  **Response:** Defendant's motion is overly broad in that it does not identify "any similar comment," and the examples given are not prejudicial.

   Granted: ____

   Denied: ____

   Modified as follows: _____