IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HILLTOP CHURCH OF THE NAZARENE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:21-CV-00322-JCB |
| | § § | |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § | |
| Defendant. | § § | |

**DEFENDANT CHURCH MUTUAL INSURANCE COMPANY'S
RESPONSES TO PLAINTIFF'S MOTION IN LIMINE**

Defendant Church Mutual Insurance Company ("AFM") files this Response to Plaintiff's Motion in Limine [Dkt. 40] pursuant to the Court's Scheduling Order [Dkt. 8], as follows.

**I.
PLAINTIFF'S MATTERS IN LIMINE**

Defendant agrees to most of Plaintiff's Matters in Limine. Only disagreements are addressed herein.

3.  Any mention, statement, or comment related to the motivation of any roofer, attorney, or contractor hired by Plaintiff in connection with his insurance claim and whether any such individual had an undue influence in encouraging Plaintiff to make a claim, including any reference to any contractor or attorney as a "storm chaser," "ambulance chaser," "door knocker," or similar comment. Any supposed motives are irrelevant as they do not make it more or less likely to prove Defendant's acts constituted a breach of contract and extracontractual issues for the disputed claim in this case. *See* Fed. R. Evid. 401. Additionally, introducing allegations about encouraging the filing of insurance claims would only be offered for the purpose of causing substantial prejudice and any probative value would be de minimis at best. *See* Fed. R. Evid. 403.

**RESPONSE:** Church Mutual disagrees with the breadth of this matter in limine. Defendant will agree not to use terms such as "storm chaser," "ambulance chaser," or "door knocker" in reference to the roofers, contractors, or attorneys retained by Plaintiff in

connection with its claim. However, Defendant cannot agree to refrain from "any mention, statement, or comment related to the motivation of any roofer, attorney, or contractor hired by Plaintiff in connection with [t]his insurance claim and whether any such individual had an undue influence in encouraging Plaintiff to make a claim." Such evidence is relevant to the timeliness of Plaintiff's submission of its insurance claim and to the credibility of Plaintiff's claim for damage to its Property resulting from a storm on the alleged date of loss, as opposed to other non-covered causes of loss, and is accordingly central to Church Mutual's defenses in this matter. Fed. R. Evid. 401 – 402.

4. Any record, document, photograph, or other item of tangible evidence and any mention of an alleged date of loss for the insurance claim at issue other than March 13, 2019. Plaintiff asserts a date of loss within the applicable policy period and it is permitted to change the date of loss upon learning new information. Introducing a different date of loss still within the policy period would only serve to confuse the issue and confuse the jury. *See* FED. R. EVID. 403.

**RESPONSE:** Church Mutual disagrees. Such evidence is central to Defendant's defenses in this matter, as Church Mutual asserts that the Property has sustained damage from multiple other storms both before and after the alleged date of loss. Fed. R. Evid. 401 – 402. Such arguments are further specifically addressed in Church Mutual's Motion for Summary Judgment, which remains pending before the Court.

## II.
## CONCLUSION

For the foregoing reasons, Church Mutual Insurance Company respectfully requests that the Court deny Plaintiff's Motion in Limine Nos. 3 and 4, with regard to Church Mutual Insurance Company's objections, or such portions as the Court deems just.

                                                                  Respectfully submitted,

                                                                  **ZELLE LLP**

                                                                  By:    */s/ Lindsey P. Bruning*
                                                                         G. Brian Odom
                                                                         State Bar No. 50511840
                                                                         bodom@zellelaw.com
                                                                         Lindsey P. Bruning
                                                                         State Bar No. 24064967
                                                                         lbruning@zellelaw.com
                                                                         Kiri D. Deonarine
                                                                         State Bar No. 24105298
                                                                         kdeonarine@zellelaw.com

                                                 901 Main Street, Suite 4000
                                                 Dallas, TX  75202-3975
                                                 Telephone:    214-742-3000
                                                 Facsimile:     214-760-8994

                                                 **ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

     A true and correct copy of the foregoing has been served on the following counsel of record in accordance with FEDERAL RULES OF CIVIL PROCEDURE on this 14th day of October, 2022:

    Preston J. Dugas III
    State Bar No. 24050189
    pdugas@dcclawfirm.com
    Vincent P. Circelli
    State Bar No. 24058804
    vcircelli@dcclawfirm.com
    **DUGAS, CHEEK & CIRCELLI, PLLC**
    1701 River Run, Suite 703
    Fort Worth, TX 76107
    Telephone: 817-945-3061
    Facsimile: 682-219-0761

    **ATTORNEYS FOR PLAINTIFF**

                                                                         */s/ Lindsey P. Bruning*